Chief Justice Robertson,
delivered the opinion of the court.
Richard W. Chinowith, Christopher Chinn,and John S. Chinowith, entered.into a joint and several recognizance, for the appearance of Richard W. Chinowith, in the circuit court of Franklin, to answer a charge of felony.
The accused, having failed to appear, a scire facias was issued against him and his two sureties, for judgment on the recognizance.
The writ having been returned, executed on Chinn, and “not found,” as to the others, the circuit court rendered judgment against him, by defeault. for $>153, the amount for which he was severally bound.
In considering the various errors assigned we shall take particular notice of only two of them. They are these:
1st. That it was error to render judgment against Chinn before the other cognizors were served with process.
2d. That the recognizance-was not such as would authorize the judgment.
The first ground is untenable. The recognizance being several as well as joint, a several judgment is *30 proper. And although a joint scire facias may be maintained on such a recognizance, such a proceeding does not render a joint indictment necessary. Therefore, as a several judgment only gives effect to the obligation, according to its tenor and true character, such judgment was proper in this case; and it could not be material to the plaintiff in error, whether the other, obligors had been summoned, or whether, if they had been summoned; judgments had also been, at the same time, rendered against them for the amounts for which they were respectively bound.
If a scire facias sued out upon a recognizance to appear at the circuit court and answer a charge ef felony, recite that the re-, cognizance' was acknowledged before the deputy clerk, it is fatal.
Neither the clerk nor his deputy have any authority to tal?e such recognizance out of court. Such recognizance must bp taken by $he court.
A judgment against them could not exonerate him, nor diminish his several responsibilty; nor can the fact, that they had not been summoned, furnish any reason for withholding a judgment against him, to the extent of his several undertaking; Lucket vs. Austin, IV Bibb, 182; Madison, et al. vs. The Commonwealth, II Marsh. 131-2.
As the object of the scire facias is to have execution on the recognizance, and as that is several as well as joint, the necessary consequence is, that the execution may be several; and of course, the judgment may be several ; II Saunders, 726.
But the second objection must be fatal. The scire facias recites that the recognizance was acknowledged before the deputy clerk.
Neither the clerk, nor his deputy had any legal authority to take the recognizance out of court., If the acknowledgment was in court, it was made to the court and not to its clerk. And, therefore, however the fact may be, we must interpret the scire facias, as meaning that recognizance was taken by the clerk, out of court, or in other words, by the-clerk and not, as it should have been, by the court. Such a recognizance is insufficient.
To authorize a judgment against a cognizor, the scire facias should recite a valid recognizance, and consequently, it must show that the acknowledgment was made to an officer, authorized by law to receive it; see the case, supra, in II Marshall.
The judgment of the circuit court was therefore, erroneous,
Mills and Brown, for plaintiff; Denny, attorney eral, for commonwealth.
"Wherefore, the judgment is reversed, and the cause remanded, with instructions to quash the scire jadas,