Ruffin, C. J.
 

 The single question in the case is, whether, when a person is committed to the custody of the sheriff by a court, for want of sureties for keeping the peace, that officer can in vacation take security by recognizance acknowledged before him. Upon this question I was led to express the inclination of my mind in the negative, in the case of the
 
 State
 
 v Mills, 2 Dev. 555, when I mentioned some of the reasons which influenced my opinion. Those reasons have lost none of their force by further enquiry and reflection ; and mv brethren direct me to say that they concur in them and the conclusion. We cannot learn that the sheriff ever took recognizances or let'persons to bail in this State before the act of 1797; nor, since that act, but in the case of one in custody under a capias on indictment found. There are many reasons why he should not, and why the power, which is a judicial function, should be exercised by judicial officers alone. It is true, the sheriff is a conservator of the peace, but that does not authorize him to require security for the peace nor to take the recognizance, for a constable is likewise a conservator of the peace, and no one supposes that officer can take the acknowledgment of a recognizance. Both the sheriff and constable have authority to arrest for a breach of the peace, or to prevent a breach of the peace; but neither can commit the offender, or do more than carry him for examination before a judge or justice of the
 
 *401
 
 peace, who may commit or bail, as if the arrest had on a warrant. Regularly, if a person be committed by a court for want of sureties to keep the peace, and he becomes able to give them, he should be taken before a judge on
 
 ha-beas corpus,
 
 who would take the recognizance and discharge him. But as that may be often attended with delays and much expense, a practice has grown up, for the ease of the citizens, to obtain an order of the court, by the consent of the prosecuting officer, that the recognizance may be entered into, in a sum specified, before one or more justices of the peace. But in acting under that authority, those officers assume not a power, as far as respects the taking of the recognizance, which they did not possess
 
 virtute
 
 officii.— What they have no right to do is, to let at large a person committed by a court of record; and it is for the purpose of preventing a discharge by them from being an escape} th at the previous order of the court, authorizing such discharge, is necessary. But this has no application to the case of a sheriff, who has not the power, under any circumstances, to take a recognizance, unless in the particular case authorized by the act of 1797. In our opinion, therefore, the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.