CASE 2—INDICTMENT—JUNE 5.

## Branham vs. Commonwealth.

2bu 3
137 76

APPEAL FROM SCOTT CIRCUIT COURT.

1. The committing magistrate, or the county judge, may admit a defendant to bail at any time before the first term of the circuit court; but, after the commencement of the first term of the circuit court, the committing magistrate or county judge has no right to admit such defendant to bail. He may be admitted to bail, after the first term of the court, by the circuit judge, or, in his absence, by the circuit court clerk. (*Criminal Code, section 61, and amendment of February 5, 1866.*)

2. A bail-bond executed before an officer not authorized by law to take it is not obligatory on the bail.

W. S. DARNABY,                                    For Appellant,
                          CITED—
*Criminal Code, secs. 25 to 53, and 59, 60, 61, 78.*
*Myers' Sup., p. 706, Act of 1866.*

JOHN M. HARLAN, Attorney General,          For Appellee,
                          CITED—
*Civil Code, secs. 70, 76.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Lewis, the slave of Branham, was indicted and put on trial for murder, at the May term, 1864, of the Scott circuit court. The jury having failed to make a verdict, the court made an order admitting him to bail in the sum of three hundred dollars, which, however, was not given, and Lewis was remanded to jail. After the adjournment of the court, on petition, the county judge admitted Lewis to bail; and he, having made default by non-ap-

pearance, as required, to answer the indictment, a for-
feiture of the recognizance was entered, a summons
directed, and served on appellant as his surety.

Appellant answered and set up these facts as a defense
to the legality of the recognizance; to which the Com-
monwealth's Attorney demurred, which the court sus-
tained, and rendered judgment against the bail. This
appeal seeks a correction of that judgment.

By *section* 61, *Criminal Code*, it is provided, that "the
defendant, after commitment *and before the commencement
of the next term of the court having jurisdiction to try the
offense*, may be admitted to bail in the sum fixed by the
committing magistrate, by such committing magistrate
or *by the judge of the county court;* but, after the com-
mencement of the term of the court, *can only be admitted
to bail by the court or the judge thereof*."

And, by an amendment of February 5, 1866, *after the
term, and in the absence of the judge, the clerk of the court
may take the bail*.

After Lewis had appeared in the circuit court, and the
court had made an order admitting him to bail, only the
court, or its judge in vacation, or, in his absence, the
clerk of the court, could admit him to bail. The action
of the county judge was wholly unauthorized by law,
and a nullity.

If the defendant be committed by a magistrate, and
desires to give bail, he may, by petition to the commit-
ting magistrate or county judge, before the first term of
the court to which he is to be recognized for appearance,
be allowed bail; but if this be after the first term of the
court to which he is committed for trial, his petition must
be to the judge of the court. This is the purport of *sec-
tion* 76, *Criminal Code*, and harmonizes with *section* 61.

We have heretofore decided that a bail-bond executed before an officer not authorized by law to take it is not obligatory on the bail.

Wherefore, the judgment is reversed, with directions to overrule the demurrer to appellant's answer, and for further proceedings as herein indicated.