CASE 23—BAIL BOND—DECEMBER 18.

# Wallenweber vs. Commonwealth.

APPEAL FROM LOUISVILLE CITY COURT.

1. A summons issued from the city court of Louisville against Wm. Smith, "for setting up a real estate agency in the city of Louisville without obtaining a license," was certain to a common intent, and sufficient to inform the defendant of the nature of the accusation; but such summons *did not authorize the arrest of his person.*

2. Whilst clerks are often allowed by law to take bail when it has been adjudged that the accused shall give bail, there is no law authorizing the clerk *to adjudge* that bail must be given, and then to take the bail bond; and if he should require such bond without legal authority, it cannot be enforced as a statutory bail bond.

3. The object of bail, in all penal cases, is to secure a compliance with the judgment, and this will be sufficient when stipulated for in the bond; yet, when *appearance alone* is covenanted for, this must be performed; and, if such bond has been taken in pursuance of law, the non-appearance will be a sufficient forfeiture.

J. R. GREENE,                       For Appellant,
CITED—
*Criminal Code, sec.* 80.

H. MARSHALL,                      On same side,
CITED—
1 *Duvall*, 1; *Shaw vs. Commonwealth.*
1 *Duvall*, 245; *Johnson vs. Commonwealth.*
1 *Duvall*, 199; *Commonwealth vs. Roberts.*

JOHN RODMAN, Attorney General,        For Appellee,
CITED—
*Criminal Code, secs.* 303, 304.

Wallenweber vs. Commonwealth.

W. G. REASOR,                          On same side,

CITED—

Sess. Acts, 1865, p. 270, sec. 18.

3 Bush, 19; Commonwealth vs. Skeggs, &c.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The summons issued against Wm. Smith, "for setting up a real estate agency in the city of Louisville without obtaining a license, contrary to an ordinance of the city," was certain to a common intent, and sufficient to inform him of the nature of the accusation; but it did not authorize an arrest of his person.

The officer, without legal authority, seems to have arrested Smith and taken him to the city court room, when, in the absence of the city judge or other judicial officer, or any order from such, requiring him to give bail, the clerk took a bond requiring his personal appearance in court the following morning.

Whilst clerks are often allowed by law to take bail, when it has been adjudged the accused shall give bail, we know of no law authorizing the clerk to adjudge that bail must be given, and then take the bail bond; and if he should require such bond, without legal authority, it cannot be enforced as a statutory bail bond. (Commonwealth vs. Roberts, 1 Duvall, 199.)

The bond in this case covenanted for the appearance and surrender of the accused at the appointed time, and not that he would "surrender himself in execution of the judgment;" and this is a material distinction between this case and that of Johnson vs. Commonwealth, 1 Duvall, 244.

The non-appearance was the only breach of this bond, as there was no stipulation to comply with the judgment; therefore, if the bond had been required and taken in pursuance of law, the non-appearance would have been

a sufficient forfeiture. Though the object of bail, in all penal cases, is to secure a compliance with the judgment, and this will be sufficient when stipulated for in the bond; yet, when appearance alone is covenanted for, this must be performed.

For the reasons assigned, the judgment is reversed.