CASE 5—BAIL—JUNE 3.

# Covington vs. Commonwealth.

### APPEAL FROM MARSHALL CIRCUIT COURT.

In a proceeding before a county judge to compel the accused to give bail for his appearance on the first day of the next circuit court, and to keep the peace and be of good behavior in the meantime, the bail bond attempted to be taken was indorsed by the county judge: "M. W. King signed this bond in my presence, on the date above; it was left at the grocery of Mr. J. R. Covington to get security; it was returned to me by Mr. Covington, with the names of these six persons subscribed as surety." *Held*—That the indorsement shows conclusively that the bond was not taken by the officer authorized by law to do so, and that it is without any obligatory or binding force.

J. C. GILBERT,                                    For Appellant,
                              CITED—
*Criminal Code*, secs. 77, 80, 388, 92.
*MSS. Opin.*, 1857, *Commonwealth vs. Hall.*

JOHN RODMAN, Attorney General,          For Appellee,
                              CITED—
*Criminal Code*, secs. 381, 77, 88, 90, 92.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This appears to have been a proceeding against M. W. King, before the judge of the Marshall county court, to compel said King to give bail for his appearance on the first day of the next Marshall circuit court, and to keep the peace and be of good behavior in the meantime.

An instrument, called a bail bond, was attempted to be taken by said judge, which seems to have been returned to the clerk of said court; and King, having failed to appear, as required, the bail bond was adjudged forfeited, and a summons awarded against King and his sure-

ties, to show cause why judgment should not be rendered against them for the penalty of the bond.

The defense presented by Covington, the appellant, was adjudged insufficient, and a judgment rendered against him, as one of the sureties of King, for two hundred and fifty dollars, from which he has appealed.

After the trial had commenced, on the motion of the Attorney for the Commonwealth, as it is entered, to permit the county judge to attest the bail bond, which was objected to by appellant at the time, but which motion the court below sustained, the county judge indorsed on the bond the following anomalous statement: "M. W. King signed this bond in my presence, on the date above; it was left at the *grocery* of Mr. J. R. Covington to get security; it was returned to me by Mr. Covington, with the names of these six persons subscribed as surety, this 13th of December, 1867." Signed by the county judge. This document was offered as evidence by the Commonwealth on the trial, objected to by appellant, admitted by the court, and the ruling excepted it.

If it be regarded as evidence, it shows very conclusively that the bond was not taken by the officer authorized by law to do so. Mr. Covington, at his grocery, seems to have been deputized by the judge to perform the duty; and what disposition was made of the prisoner *ad interim*, or whether ever in custody, does not appear; and, as it was offered by appellee, it cannot escape the effect of the evidence; and, from what appears, the bond was taken without authority of law, and is without any obligatory or binding force.

This view dispenses with the consideration of the other questions raised.

Wherefore, the judgment is *reversed*, and the cause remanded, with directions to dismiss the proceedings against appellant.