CASE 5—BAIL-BOND—JUNE 9.

## Creekmore, &c., vs. Commonwealth.

APPEAL FROM OLDHAM CIRCUIT COURT.

1. A bail bond, executed before two justices of the peace, on hearing an application to be bailed under a writ of *habeas corpus*, sued out by a prisoner confined in jail under an indictment for murder, is binding on the sureties therein, and on the non-appearance of the accused, the bond was properly forfeited, and judgment thereon rendered against them. (*Revised Statutes, chapter* 45; *Criminal Code, section* 395.)

2. The taking of a bail bond by the two justices who tried the writ of *habeas corpus* was a judicial act, and having the power to admit the prisoner to bail, whether they erred in its exercise or not, the bail bond taken by them was not void.

WM. CARROLL,
G. PEARL, and
J. DISHMAN,                                    For Appellants,

CITED—

*Crim. Code, secs.* 61, 76, 69, 70, 71, 72, 73, 74, 75, 395, 67, 68.

*Revised Statutes, sec.* 1, *chapter* 45 ; 1 *Stanton*, 584.
1 *Duvall,* 199; *Commonwealth vs. Roberts.*
2 *Bush* 4 ;' *Branham vs. Commonwealth.*

JOHN RODMAN, Attorney General, and
PHIL. LEE,                                             For Appellee,
                    CITED—
2 *Bush*, 3 ; *Branham vs. Commonwealth.*
*Criminal Code, sec's.* 80, 61.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

J. L. Ryan, charged with having murdered Rebecca Ryan, his wife, in September, 1867, in Oldham county, was arrested and brought before R. Lee and John W. Tucker, two justices of the peace of said county, as an examining court, for trial, who adjudged that he be held for trial in the circuit court; and on his failure to give bail in the sum of ten thousand dollars, fixed by them, he was committed to jail. Upon said charge he was indicted for murder at the March term, 1868, of the Oldham circuit court. He was not tried at that term, nor did the court make any order concerning his admission to bail.

Afterwards, on his petition to Richard Lee, a justice of the peace of the county, representing that he was confined in jail, and was entitled to bail, and that the judges of the circuit and county courts were both absent from the county, said justice, on the 28th day of April, 1868, issued a writ of *habeas corpus* in conformity to the prayer of the petition, on which Ryan was brought before said Lee and W. T. Cooper, another justice of the county, that the cause of his imprisonment might be inquired into, and thereupon the cause of the commitment was disclosed by the jailer's return.

Upon a trial of the writ, said justices made the following order: "J. L. Ryan being in custody of the jailer of Oldham county, on the charge of murder, and being brought before the undersigned, justices of the peace for said county (the circuit judge and county judge being absent), and we being of the opinion that said Ryan is entitled to bail in the sum of three thousand dollars, and thereupon F. B. Creekmore, Peter Harmon, H. D. Harmon, C. L. Creekmore, and W. C. Gilless, entered into bond in the sum aforesaid for the appearance of said Ryan at the next September term of the Oldham circuit court, which bond is herewith returned, and said Ryan is discharged on said bond.

> "RICHARD LEE, *J. P. O. C.*
> "W. T. COOPER, *J. P. O. C.*"

The bond, which was returned with the foregoing order, is in the form prescribed by the 77th section of the Criminal Code of Practice.

Ryan, having failed to appear at the September term, 1868, of said circuit court, an order was entered forfeiting said bond, and a summons was awarded against the obligors therein.

On the return of the summons, the defendants appeared and filed an answer, mainly resisting a recovery, on the alleged ground that the bond having been taken by two justices of the peace after the first term of the circuit court succeeding the commitment of Ryan, the same was taken without lawful authority, and therefore void.

The court sustained a demurrer to the answer, and on the failure of the defendants to plead further, rendered a judgment against them, from which they have appealed to this court.

It was decided by this court in the case of *Branham vs. Commonwealth* (2 *Bush*, 3), that under section 61 of

the Criminal Code, a defendant in custody could only be admitted to bail after the commencement of the term of the court succeeding his commitment, by *the court or the judge thereof*, or after the term, and in the absence of the judge, by the clerk of the court; and it is insisted for the appellants that that case is analogous to this; but the two cases are not analogous either as to the facts or the capacity in which the respective officers who took the bail acted.

In the case of *Branham vs. The Commonwealth*, the bail having been fixed by the circuit court, the bond was taken by the county judge, when, by section 61 of the Criminal Code, it was the duty of the clerk, in the absence of the circuit judge, to take the bond and release the prisoner, as the mere act of a ministerial officer. In such a case it is clear that said section 61 restricts the power to take the bond, in the absence of the judge of the court, to its clerk.

But in this case, where no bail had been fixed by the circuit court, and it was necessary to resort to the writ of *habcas corpus* to enable the prisoner to give bail, if entitled to do so, we are of the opinion that, under the 45th chapter of the Revised Statutes, and embodied in the Criminal Code, two justices were authorized to judicially inquire into the causes of the prisoner's confinement, on the writ of *habeas corpus*, which one of them was authorized to issue in the absence of the other officers having authority to do so. It is provided by the 11th subdivision, of section 395, of the Criminal Code, that " the officer before whom the writ is returned, after hearing the matter, both upon the return and any other evidence, shall either discharge or remand the petitioner, or *admit him to bail*, or make such order as may be proper," &c.

Commonwealth vs. Tanner.

Thus it appears that said justices, as part of their jurisdiction to try the writ of *habeas corpus*, might admit the defendant to bail as a judicial act; and they having judicial power to do so, whether they erred in its exercise or not, the bail bond taken by them was not void.

It seems to us, therefore, that the court properly sustained the demurrer to the answer of the appellants.

Wherefore, the judgment is affirmed.