CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
The recognizance attempted to be forfeited in this case was for the appearance of Taylor before the mayor of Covington as an examining court on a charge of obtaining money under false pretense.
Subsequently an indictment was found in the Kenton Criminal Court against Taylor for forgery, and for failing to appear in discharge of his bond. This forfeiture was taken by an order subsequent to filing said indictment, and a summons directed against the appellee as - bail. The summons is to show cause why judgment should not go for the penalty, five hundred dollars, “ on account of the forfeiture of the bail bond executed by him for the appearance of John R. Taylor in said court to answer the charge of obtaining money under false pretense.”
A demurrer to these proceedings on a motion to quash the bond being overruled, and exception, he answered, pleading: 1. Non est factum. 2. That Taylor was at large, and not in the legal custody of said mayor or other officer of the law, at the date and making of the bond; nor was he then within the jurisdiction of the state, but beyond its limits; and that the mayor had no authority to take the bond, and that it is without consideration.
*293 Demurrer to the first paragraph of the answer was overruled and exception taken; whereupon the court without the intervention of a jury, proceeded to quash the bail bond upon evidence heard, no order submitting the case to the judge appearing.
The evidence shows that Taylor had been arrested, and was in the custody of the city marshal of Covington, on a charge of obtaining money under false pretense, about bedtime at night, and that appellee went in the mayor’s house to get Taylor released on bond for his appearance, and there signed his name on a sheet of paper, with the understanding that the mayor would fill it up in the penal sum of five hundred dollars for Taylor’s appearance before bim as an examining court; that said blank paper was signed at ten or eleven o’clock at night on January 26, 1869, and that the mayor had never afterward seen said paper nor filled up the blank, but that the body of said bond is in the handwriting of the county attorney.
As neither party demanded a jury, but proceeded with the case and introduced their evidence, we must presume it was tried by consent before the judge, especially as this is not assigned as a reason for a new trial, nor any bill of exception assigning it as error is in the record.
The bond as filled up bears date January 27, 1869, and requires the accused to be before said mayor as an examining court on “27th day of January, 1869, at ten o’clock a. m.,” and on the back of it is indorsed “Bond forfeited,” and signed C. B. Sandford, Mayor.
By an amendment of March 8, 1867 (Session Acts, 83) to section 49, Criminal Code, persons charged with a felony may give bail to appear and answer the charge before the committing court. But the proceedings on such a bond, if forfeited, are regulated by sections 65 and 92, Criminal Code: the first directing the magistrate taking it to indorse *294 thereon forfeited, with his signature thereto, and to return the bond to the circuit or criminal court clerk; and the latter directing the clerk to issue a summons against the bail to appear on the first day of the next term of said court, to show cause why judgment for the penalty of said bond should not be rendered against him.
The provisions of these several sections show that the proceedings in the criminal court were wholly irregular and fatally defective. But the radical error is the absolute defect in the writing purporting to be the bond. If the mayor was constituted the appellee’s agent to fill up said blank paper as a bond, and conceding that he could do so and give it validity as a recognizance, this would not authorize Mm to delegate the power to any one else, much less authorize another to do so without his authority. Besides, no time for the appearance of the accused seems to have been designated on the night the appellee signed the blank paper; and as it bears date the same day it provides for the appearance of the accused, it was doubtless filled up with a view to holding the bail responsible.
This is only one of many instances of the escape of those accused of crime because officials do not perform their duties in the manner and according to law; but it is better that it should be so than that we should relax legal rules and forms until all is left in uncertainty, to be ascertained alone by the uncertain recollection of witnesses.
It was in no legal sense a recognizance, and the court very properly quashed it; hence the judgment is affirmed.