CASE 28—PROCEEDING BY THE COMMONWEALTH AGAINST ZACHARIAH PHILLIPS AND HIS SURETY ON A FORFEITED BAIL BOND.—OCT.

# Commonwealth v. Philllips.

116    329
e137    75

## APPEAL FROM BOYD CIRCUIT COURT.

PROCEEDING DISMISSED AND COMMONWEALTH APPEALS.     AFFIRMED.

BAIL BOND—FELONY—TAKEN BY SHERIFF—DEFENDANT NOT HAVING BEEN BEFORE MAGISTRATE—VALIDITY.

Held:   1. Under Criminal Code, section 27, providing that a magistrate in issuing a warrant of arrest shall describe the offense, and direct the officer to bring the person before a magistrate, to be dealt with according to the law; and section 28, declaring that if the offense be a misdemeanor, the magistrate issuing the warrant shall indorse thereon the amount of bail; and section 29, providing that if defendant give bail "as provided in the last section," the officer taking it shall fix the day of defendant's ap-

Commonwealth v. Phillips..

pearance; and section 33, providing that the officer who has executed the warrant of arrest shall make return on it, and deliver it to the magistrate before whom defendant is brought, or, if bail be given as provided by section 28, shall deliver the warrant and bail bond to the officer before whom defendant is bound by the bond to appear for an examination; and section 74, providing that before conviction defendant may be admitted to bail for his appearance before a magistrate for an examination if the offense be a misdemeanor, or for his appearance in court to which he is sent for trial—a person charged with a felony may not be admitted to bail before being brought before a magistrate, and, though the magistrate .issuing the 'warrant charging a felony indorse bail on it, a bond accepted by the sheriff is void.

C. J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR APPELLANT.

The material question in the case is as to the sufficiency of the bail bond. It has been held by this court that "it is essential to the validity of a recognizance or bail bond that it appear that the defendant was, when recognized or bailed, legally in custody, charged with a public offense, and was discharged therefrom by reason of giving the bond or recognizance and that it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for an examination of the charge or before a court for the trial thereof." Henry v. Com., 4 Bush, 427; Com. v. Cummins, 18 B. Mon., 26.

It is also provided in section 85, Criminal Code that: "No bail bond or bail or recognizances shall be deemed to be invalid by reason of any variance between its stipulations and the provisions of this Code, nor by failure of the magistrate or officer to transmit or deliver the same at the times herein provided, nor by any other irregularity, provided it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged by reason of the giving of the bond or recognizance, and provided that it can be ascertained from the bond or recognizance, that the bail undertook that the defendant should appear before a magistrate for the examination of the charge, or before a court for the trial thereof."

The bond refers to the warrant of arrest, and says "to answer the charge in the within warrant." The warrant and the return thereon should therefore be read in connection with this warrant; and in that way the bond shows that Phillips was legally in custody; it shows that he was charged with a public offense, namely, the offense named in the warrant; that the bail undertook that the defendant should appear before the police judge at Catlettsburg on the 1st of September, 1902, to answer said

charge named in the warrant. Hence, we conclude that the lower court was in error in sustaining a demurrer to the warrant, in quashing the same and in discharging said James Hatcher from his liability thereon. We therefore respectfully ask that the judgment below be reversed, with directions to render a judgment on said bond in favor of the Commonwealth against the said surety.

### AUTHORITIES CITED.

98 Ky., 593; 75 Ky., 84; 11 R., 401; 8 Bush, 463; Code, secs. 27, 28, 29-33, 71, 46, 47, 48-85; 4 Bush, 427; 18 B. Mon., 26.

L. T. EVERETT, ATTORNEY FOR APPELLEES.

On the 28th day of July, 1902, J. H. McConnell, judge of the Catlettsburg police court, issued a warrant charging Zachariah Phillips with obtaining money under false pretense. Said warrant was directed and sent to the sheriff of Pike county for execution. At the time of issuing the warrant the said police judge made the following endorsement thereon:. "Defendants may give bond for their appearance to answer the above charge in the sum of $300." The sheriff of Pike county arrested said Phillips under said warrant and took bond for his appearance before said McConnell, police judge of the city of Catlettsburg with James Hatcher as surety and returned the warrant and bond to said police judge. Phillips did not appear before said police judge and he thereupon made the following endorsement on one corner of the warrant, viz.: "Forfeited. J. H. McConnell, P. J., C. C.," and in this condition the warrant was transmitted to the circuit court and there the said forfeiture is attempted to be enforced. I respectfully submit that such proceeding is not only unauthorized by law, but is absolutely void and should not be tolerated.

In the first place the police judge had absolutely no authority to fix bail at the time of issuing the warrant, the charge being a felony. By reference to section 28, Criminal Code, it will be seen that only in misdemeanor cases can bail be endorsed by the police judge when issuing the warrant. The warrant in this case as well as all other warrants in felony cases requires the arresting officer to bring the defendant before the police judge, and until that is done no bail can be allowed and no one save the court is allowed to take bond. In this case it is not and can not be claimed that the police judge ever had the defendant before him, or held an examining trial, or that he ever made the slightest record of any proceedings relative thereto, and hence had no power or authority to fix bail.

The case of Morgan, &c., v. The Commonwealth, 12 Bush, 84, seems conclusive of this matter. Quoting therefrom: "It is indispensable to the validity of the bail bond taken by, or in pursuance of an examining court that some judgment be entered or memorandum made in writing, signed by the magistrate or justice, showing that an examining court was held and that the accused was admitted to bail." Quoting further: "It is indispensable that the decision of the examining court, requiring the accused to give bail, shall be filed in the trial court at least before there is a forfeiture of the bail bond."

In the case at bar no examining trial was ever had, no bail ever fixed, and no record ever transmitted to the circuit court, except the warrant, and this we contend is not sufficient. Then, too, the forfeiture should have been taken in the circuit court and not in the police court; the latter court has no power to take the forfeiture, but must transmit his records to the trial court where all other steps must be taken.

It will also be observed from the record that when the indictment was returned it was not against Zachariah Phillips, but against J. C. and W. P. Phillips. It seems that the style of the prosecution was changed and subsequently the entire prosecution was dismissed. I submit that under the proceedings in this case it would be a great injustice, as well as unlawful, to require Mr. Hatcher to pay $300 as surety herein.

Wherefore an affirmance is respectfully asked.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

It appears from the record that on the 28th of July, 1902, J. H. McConnell was police judge of the city of Catlettsburg, Boyd county, Ky.; that on that day he issued a warrant of arrest, directed to the sheriff of Pike county Ky., charging Phillips with a felony, to-wit, obtaining money by false pretenses, and representations; that the offense was committed in the city of Catlettsburg, and directing the sheriff to arrest him, and bring him to his office in Catlettsburg to answer the charge. The police judge made this indorsement on the warrant: "Defendant may give bond for his appearance to answer the within charge in the sum of $300. J. H. McConnell, P. J. C. C." The sheriff of Pike county arrested Phillips, and took his bond, with James

Hatcher as surety. The bond is as follows: "We acknowl-
edge ourselves bound to the Commonwealth of Kentucky
in the sum of $300 that Zachariah Phillips will appear in
the Catlettsburg police court on the 1st day of September,
1902, to answer the charge in the within warrant. This
the 8th day of August, 1902. Z. W. Phillips. James
Hatcher." Phillips failed to appear at the time stated in
the bond, and the police judge indorsed the word "For-
feited" thereon, and returned the bond to the circuit court
clerk's office. The circuit court directed a summons to be
issued thereon against James Hatcher, who appeared and
demurred to the proceeding against him. The court sus-
tained his demurrer and dismissed the proceeding against
him, and the Commonwealth has appealed.

The only question to determine is whether or not the police
judge had the legal right to indorse bail on this warrant,
and whether or not the sheriff had the right to accept bail
by virtue of such an indorsement. Under section 27 of the
Criminal Code a magistrate in issuing a warrant of arrest
shall, in brief, describe the offense, state the county in
which it was committed, and command the officer to whom
it was directed to arrest the person named therein, and
bring him before some magistrate of the county in which
the offense was committed, to be dealt with according to
the law. This section requires that the person arrested be
brought before the court, but, as modified by the next sec-
tion, it is left applicable alone to felonies. The next sec-
tion (No. 28) declares that, if the offense charged be a mis-
demeanor, the magistrate issuing the warrant shall indorse
thereon the amount of bail to be given by the person
charged, and that the bail may be taken by the sheriff of the
county where the arrest is made or where the offense was
committed. This bond may also be taken by a deputy sher-
iff, or by any constable making the arrest. By the next

succeeding section it is stated if the defendant give bail for his appearance before the magistrate for an examination of the charge as provided in the last section, the officer taking the bail shall fix the day of the defendant's appearance, etc. This section confines bail given for the appearance before the magistrate for an examination to one charged with a misdemeanor, and excludes the idea that one charged with a felony can give bail for his appearance before a magistrate. By section 33 it is provided that the officer who has executed the warrant of arrest shall make return on the warrant of the time and manner of executing it, and deliver the warrant to the magistrate before whom the defendant is brought, or, if bail be given as provided by section 28, shall deliver the warrant and bail bond to the officer before whom the defendant is bound by the bail bond to appear for an examination of the charge. By the foregoing sections it is made clear that a person charged with a felony can not be admitted to bail before being brought before a magistrate. In further support of this conclusion reference is made to section 74 of the Criminal Code, which provides: "Before conviction, the defendant may be admitted to bail—1st for his appearance before a magistrate for an examination of the charge, if the offence charged be a misdemeanor; or, 2d, for his appearance in the court to which he is sent for trial (meaning after the magistrate has held the examining trial, etc.)" From these provisions of the Code we are of the opinion that the police judge had no legal authority to indorse bail on the warrant of arrest, and the indorsement of bail did not authorize the sheriff to accept the bond. Their acts in this matter being unauthorized and illegal, therefore the bond was void, and the surety, Hatcher, was not bound thereon, and the lower court was right in sustaining the demurrer.

Wherefore the judgment is affirmed.