CASE 10.—PROCEEDING BY THE COMMONWEALTH AGAINST P. A. HOWERTON AND ANOTHER TO ENFORCE THE FORFEITURE OF A BAIL BOND.— November 4, 1909.

## Howerton v. Commonwealth

Appeal from Crittenden Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for the commonwealth, defendants appeal.—Reversed.

1.    Bail—Criminal Prosecutions—After Reversal on Appeal.— Where a judgment of conviction was reversed by the Supreme Court on September 29th, the judgment was not vacated until the decision on appeal became final when the mandate was lodged in the trial court on November 5th, pursuant to Cr. Code Prac. Sec. 360, as amended by Act March 21, 1904 (Acts 1904, p. 144, c. 64), providing that no mandate shall issue or decision become final until after 30 days, excluding Sundays, from the day the decision was rendered, so that under Cr. Code Prac. Sec. 75, prohibiting admitting defendant to bail after conviction, accused could not be admitted to bail on September 30th.

2. Bail—Bond—Validity—Bond Given After Conviction.—Under
Cr. Code Prac. Sec. 75, prohibiting admitting a defendant
to bail after conviction, the trial court could not admit an
accused to bail after conviction, and before the mandate re-
versing the judgment was filed, and the bail bond given on
its attempt to do so was void.

JAS. A. & JOHN A. MOORE, JAMES & JAMES AND L. H.
JAMES for appellants.

JAMES BREATHITT AND TOM B. McGREGOR for the com-
monwealth.

OPINION OF THE COURT BY JUDGE BARKER—Revers-
ing.

Percy Howerton was convicted in the Crittenden
circuit court of a felony. From the judgment based
upon the verdict of the jury, finding him guilty as
charged in the indictment against him, he appealed
to this court, where the judgment was reversed on the
29th day of September, 1908, 129 Ky. 484, 112 S. W.
606, 33 Ky. Law Rep. 1008. On September 30, 1908, the
clerk of the Crittenden circuit court, in obedience to
a long-distance telephone message from the circuit
judge, admitted the defendant to bail in the sum of
$1,000, with the appellants, P. A. and G. W. Hower-
ton, as sureties. Afterwards, on November 5, 1908,
the mandate of this court was issued directing the
judgment against the defendant to be set aside and
awarding him a new trial. The case was then as-
signed on the docket of the circuit court for another
trial. When the trial day arrived, the defendant,
having been called, made default and forfeited his
bond, and so far as we are advised he is still at large.
This procedure is to enforce the forfeiture of the
bond against the sureties, the appellants.

The question arising upon the foregoing statement
is whether the bond executed by the original defend-

ant, with appellants as sureties, was or not void. Section 75 of the Criminal Code of Practice is as follows: "After conviction, the defendant can not be admitted to bail." Section 360, as amended by Act March 21, 1904 (Acts 1904, p. 144, c. 64) provides: "That no mandate shall issue, nor decision become final, until after thirty days, excluding Sundays, from the day on which the decision is rendered, unless the court, in delay cases, otherwise direct. * * *" After the conviction of the defendant he could not be admitted to bail while the judgment of conviction remained in full force and effect. It was not vacated until the decision of this court became final, under the provisions of section 360, supra, and this could not be done until the 5th day of November, 1908, when the mandate was issued and lodged in the circuit court. It seems to us therefore to follow that the admission to bail of the defendant Howerton by the clerk of the circuit court was without any authority, and the bond taken was void. The learned circuit judge was without jurisdiction to authorize the clerk to admit the defendant to bail until the filing of the mandate of this court and the setting aside of the judgment of conviction.

In Commonwealth v. Phillips, 116 Ky. 329, 76 S. W. 118, 25 Ky. Law Rep. 544, it was held that, while under section 74, Cr. Code Prac., a person charged with a felony may not be admitted to bail before being brought before a magistrate, and, though the magistrate issuing the warrant indorsed upon it that the defendant might be admitted to bail, the bond accepted by the sheriff was void. In the cases of Commonwealth v. Ball, 6 Bush, 291, and Covington v. Commonwealth, 3 Bush, 478, it was held that bonds such as involved here, taken by an officer or person

unauthorized so to do, are void and impose no obligation on the sureties to the commonwealth. See, also, Branham v. Commonwealth, 2 Bush, 3; Creekmore v. Commonwealth, 5 Bush, 312; Commonwealth v. Roberts, 1 Duv. 199; Morgan v. Commonwealth, 12 Bush, 84.

Judgment reversed, with directions to quash the recognizance upon which the appellants are sureties.