## Bunnell v. Commonwealth.

(Decided October 21, 1921.)

## Appeal from Fayette Circuit Court.

1. Bail—After Commitment.—Under Crim. Code, sec. 68, defendant, after commitment, and before the commencement of the next term of the court having jurisdiction to try the offense, may be admitted to bail, in the sum fixed by the committing magistrate, or by the county judge, but, after the commencement of the term of the court, can only be admitted to bail by the court or the judge thereof.

2. Bail—Clerk Without Authority to Take Bond.—Where, before the commencement of the next term of the circuit court one is held over but there is no order of the committing magistrate or county judge fixing accused's bond, the clerk of the circuit court is without authority to take such bond.

3. Bail—When Bond is Nullity.—Bail bond executed before an officer not authorized by law to take it is a nullity and is not obligatory on the bail.

FRANK S. GINOCCHIO, JAS. CLAYand S. MONROE NICKELL for appellant.

JOHN R. ALLEN, CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Under a warrant issued August 26, 1919, by a justice of the peace of Fayette county, Clarence Elliott was arrested and charged with the offense of grand larceny. On the back of the warrant appears this endorsement: "Commonwealth v. Clarence Elliott. Warrant. Held to grand jury. Bond $500."

August 29th a bond was executed before the clerk of the Fayette circuit court for the sum aforesaid, with appellant as surety, the undertaking of said bond being that Elliott would appear before the Fayette circuit court on the 29th of September, 1919, to answer the aforesaid charge. Elliott was indicted by the grand jury on September 24th.

At a court held January 25, 1920, the case of Commonwealth v. Elliott was called for trial. Elliott failed to appear and because of his default the bail bond executed by him and appellant was forfeited and summons ordered to issue thereon.

In April, 1920, appellant had Elliott arrested and surrendered him into the custody of the jailer, but Elliott

was later discharged by the court on his own recognizance. Appellant failed to respond to the summons served on him to show cause why judgment should not be rendered on account of the aforesaid forfeiture and judgment by default was entered against him in the sum of $500.00. A motion to set aside said judgment was overruled and the present appeal followed.

Crim. Code, sec. 68, provides as follows:

"The defendant, after commitment, and before the commencement of the next term of court having jurisdiction to try the offense, may be admitted to bail, in the sum fixed by the committing magistrate, by such committing magistrate, or by the judge of the county court; but, after the commencement of the term of court, can only be admitted to bail by the court or the judge thereof. After the term, if the amount of the bail has been fixed, the bail may be taken by the clerk of the court in which the defendant is held to appear."

According to a certified copy of the rules of the Fayette circuit court that court was not in session at the time the bail bond was executed, nor was any order made by the circuit court or the judge thereof fixing the bond or authorizing the clerk to take the bond. Nor is it shown that any order was made by the justice of the peace holding Elliott to the circuit court or committing him or requiring him to answer upon any charge in that court. Nothing appears but the endorsement on the back of the warrant heretofore mentioned.

It is not contended that the magistrate before whom the appellant was returned took the bond upon which the judgment was rendered. It was taken by the clerk of the Fayette circuit court who was without authority to take the bond at that time. The bond so taken by the circuit clerk was, under the circumstances, void and of no binding force or effect.

In Branham v. Commonwealth, 2 Bush 3, appellant was indicted and tried for murder; the jury failed to agree and accused was remanded to jail in default of bond. Thereafter the county judge admitted accused to bail and Branham having made default by nonappearance to answer the indictment, a forfeiture was entered and a summons served on his surety against whom judgment was entered. It was held upon appeal that the action of the county judge was wholly unauthorized by law and a nullity.

It is also stated in said opinion that a bail bond executed before an officer not authorized by law to take it is not obligatory on the bail. To the same effect see Covington v. Commonwealth, 3 Bush 478; Wallenweber v. Commonwealth, 3 Bush 68; Commonwealth v. Ball, 6 Bush 291; Howerton v. Commonwealth, 137 Ky. 73, 122 S. W. 173.

Since, under the code provision *supra,* no one other' than the committing magistrate or the county judge had authority to take this bond before the commencement of the next term of the circuit court, and as the circuit court was not in session at the time the bond was taken, and there was no intervening session of that court, viz.: between the arrest of appellant and the execution of the bond, the circuit clerk was without authority to take the bond and his attempt to do so has no binding force. Bail taken by an officer without authority is void. It follows, therefore, that the circuit court was in error in entering judgment against appellant. The judgment is accordingly reversed for further proceedings not inconsistent herewith.