### STATE v. JOHN GOODING.

(Filed 28 September, 1927.)

**1. Criminal Law—Judgments—Suspended Judgments—Good Behavior— Sentence.**

Where a defendant is tried for the violation of a criminal statute and taxed with the costs and required to give bond in a certain amount for his appearance in court for a certain period of time to show good behavior, the court after the full limit of time had expired is without warrant of law to adjudge that the defendant had violated the criminal law and impose a sentence of imprisonment upon him and assign him to work on the county roads.

**2. Same—Facts Found—Constitutional Law.**

Where a defendant convicted of a criminal offense has had sentence suspended upon condition that he appear at certain times in court and show good behavior, it is required that a judgment rendered at a later time find the facts upon which a sentence has been imposed and specify the findings of a certain criminal offense the defendant is found to have committed, in order to show that the defendant had been informed of the offense before sentence. Const., Art. I, sec. 11.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1927, of JONES.

The facts determinative of the question presented are as follows:

At the September Term, 1925, Jones Superior Court, in an action appearing on the minute docket as No. 53, *S. v. John Gooding,* the defendant waived the finding of a bill and entered a plea of "guilty possessing liquor"; whereupon Hon. W. M. Bond, judge presiding, as appears from the record, entered the following judgment: "Fine $150 and costs. Prayer for judgment continued for twelve months. Defendant required to give bond in the sum of $150 for his appearance here for two years to show good behavior."

The clerk of the Superior Court of Jones County, in response to request from the Attorney-General, certifies that the following entries appear upon the minutes of the court: "Fall Term, 1925. Defendant waives finding of bill and pleads guilty. Fine $150 and costs. Prayer

for judgment continued for twelve months. Defendant required to give bond in the sum of $150 for his appearance at the next two terms of court and pay the costs. Spring Term, 1926, continued under former order. Fall Term, 1926, off. Bill of costs and fine of $150, paid at the Fall Term, 1925."

Thereafter, judgment was entered in the same cause by Hon. E. H. Cranmer, judge presiding, at the March Term, 1927, as follows:

"The court finds that the condition upon which the prayer was continued has been violated, therefore, it is ordered, adjudged and decreed that the defendant, John Gooding, be confined in the common jail of Jones County for a term of twelve months, and assigned to work the roads of Lenoir County."

From this latter judgment the defendant appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Shaw & Jones for defendant.*

STACY, C. J., after stating the case: There are several reasons why the judgment in this case, from which the defendant appeals, cannot be sustained.

In the first place, the only thing definite and certain about the judgment entered at the September Term, 1925, is the fine of $150 and costs. If the defendant were not entitled to be discharged upon the payment of this fine and costs, which he may have been, it is clear that under the next sentence, "prayer for judgment continued for twelve months," no judgment could be entered after the lapse of one year, or twelve months, which expired September, 1926. Therefore, the judgment rendered at the March Term, 1927, is without warrant of law and must be held for naught. *S. v. Hilton,* 151 N. C., 687.

In the next place, if the case were not off the docket at the March Term, 1927, it may be doubted as to whether the finding that "the condition upon which the prayer was continued has been violated," without more, is sufficient to warrant the imposition of a road sentence. In *S. v. Hardin,* 183 N. C., 815, it was said that where judgment in a criminal prosecution has been suspended on condition that the defendant pay costs and remain of good behavior, the term "good behavior," by correct interpretation, means such conduct as is authorized by the law of the State. In other words, the violation of some criminal law of the State must be made to appear before a defendant can be held to have violated the terms of such suspended judgment.

It is provided by Art. I, sec. 11, of the Constitution that in all criminal prosecutions "every man has the right to be informed of the accusa-

tion against him." And we apprehend a charge or finding that a defendant has not been of good behavior, or has violated the criminal law of the State, without specifying the nature or cause of the accusation against him, would not warrant the court in proceeding to sentence, even under a suspended judgment. *S. v. Everitt,* 164 N. C., 399. The record fails to disclose any evidence upon which the court acted.

Again, in *Yu Cong Eng v. Trinidad,* 271 U. S., 500, *Chief Justice Taft,* speaking to the constitutionality of an act of the Philippine Legislature, which undertook to prohibit any person, firm, or corporation, engaged in commerce or other activity for profit in the Philippine Islands, from keeping its account books in any language other than English, Spanish, or some local dialect, said "that a statute which requires the doing of an act so indefinitely described that men must guess at its meaning, violates due process of law." For like reason, and perhaps a stronger one, as it deals directly with the liberty of the citizen, we think it may be said that the enforcement in a criminal prosecution of the provisions of a suspended judgment, which are so indefinite and uncertain as to require the defendant to guess at their meaning, violates due process of law.

Upon the record as presented the defendant is entitled to be discharged.

Error.