STATE v. Z. T. BOWSER, PRINCIPAL, AND JOHN T. HALL, SURETY.

(Filed 27 September, 1950.)

**1. Bastards § 7: Criminal Law § 62f—**

Upon defendant's conviction of willful failure to support his illegitimate child, the trial court has plenary power to suspend execution on condition that defendant pay specified sums of money into court for support of his child. G.S. 49-7, G.S. 49-8.

**2. Criminal Law § 62f—**

A valid suspension of execution remains effective until revoked and the enforcement of sentence by commitment is ordered by the judge of the Superior Court for breach of condition duly established by pertinent testimony in an appropriate proceeding in open court, and neither the clerk nor his deputy has the power to ignore the valid order of suspension.

**3. Same: Criminal Law § 85c—**

Where defendant appeals notwithstanding the suspension of execution of the judgment, neither the clerk nor his deputy has authority to issue a *mittimus* upon receipt of certificate of opinion of the Supreme Court affirming the judgment. Manifestly G.S. 15-186 does not apply where there has been a valid suspension of execution.

**4. Arrest and Bail § 6—**

The clerk of the Superior Court has power to take bail in criminal cases only in those instances authorized by statute, and where he allows bail to prevent imprisonment upon the issuance of a *mittimus* after receipt of certificate of opinion of the Supreme Court affirming judgment of conviction, such bail bond is void.

**5. Arrest and Bail § 8—**

A bail bond which is void because taken without authority binds neither the principal nor his surety.

**6. Same—**

The fact that defendant has secured his release on bail will not estop him or his surety from asserting the invalidity of the bond when the threatened imprisonment was unlawful.

APPEAL by John T. Hall from *Burney, J.,* at the July Term, 1950, of WASHINGTON.

Proceeding by *scire facias* to enforce the forfeiture of a bail bond.

Z. T. Bowser was tried and convicted at the January Term, 1949, of the Superior Court of Washington County for willful neglect or refusal to support and maintain his illegitimate child. He was sentenced to imprisonment in the common jail of Washington County for six months, to be assigned to work under the State Highway and Public Works Commission. The court suspended the execution of the sentence upon the express condition that Bowser pay specified weekly sums into the office of the Clerk of the Superior Court of Washington County for the maintenance and support of his illegitimate child until the further order of the court, and directed him to give a bail bond in the penal sum of $300.00 for his appearance at the July and January Terms of the Superior Court of Washington County for a period of three years to show compliance with such condition.

Bowser forthwith gave such bond with Jack D. Frank as surety. Nevertheless, he appealed his conviction to the Supreme Court, which upheld the validity of his trial and sentence. *S. v. Bowser,* 230 N.C. 330, 53 S.E. 2d 282.

When the certificate of the opinion of the Supreme Court reached the Superior Court of Washington County, a deputy clerk of the last named tribunal issued a *mittimus* ordering that the judgment of imprisonment against Bowser be carried into immediate effect; and the Sheriff of Washington County forthwith took Bowser into his custody for the purpose of conveying him to a prison camp operated by the State Highway and Public Works Commission for service of the sentence. Counsel for Bowser having protested the legality of the acts of the deputy clerk and the Sheriff, the Clerk of the Superior Court of Washington County

directed that Bowser be released from custody on giving as additional bail bond in the penal sum of $500.00 conditioned on his making his personal appearance at the July Term, 1949, and the January Term, 1950, of the Superior Court of Washington County, and showing compliance with the condition suspending the execution of the sentence pronounced against him in January, 1949. Bowser thereupon gave such bail bond to the clerk with the appellant, John T. Hall, as surety, and thereby procured his discharge from custody.

Bowser was called and failed to appear at the January Term, 1950, of the Superior Court of Washington County, and judgment of forfeiture *nisi* was thereupon entered against him and his surety, John T. Hall, upon the $500.00 bail bond. A writ of *scire facias* issued commanding Bowser and Hall to appear at the July Term, 1950, of the Superior Court of Washington County, and show cause why the judgment of forfeiture should not be made final. This process was served on Hall, who appeared at that term and resisted the entry of a final judgment of forfeiture on the ground that the bail bond in question is void because taken by the clerk without authority of law.

The court overruled this objection, and rendered final judgment of forfeiture against Bowser, as principal, and Hall, as surety, for the full penal sum named in the bail bond. Hall excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*P. H. Bell for John T. Hall, appellant.*

ERVIN, J. Courts having jurisdiction to try and determine prosecutions for nonsupport of illegitimate children are empowered by statute to suspend the imposition or execution of sentences upon condition that offending parents make fixed contributions of money for the maintenance of such children. G.S. 49-7, 49-8. Consequently the trial judge had plenary power to suspend the execution of the sentence of imprisonment upon the express condition that Bowser pay specified sums of money into the office of the clerk for the support of his child. This being true, the order of suspension remains effective until it is revoked and the enforcement of the sentence by commitment is ordered by the judge of the Superior Court of Washington County for breach by Bowser of the expressed condition duly established by pertinent testimony in an appropriate proceeding in open court. *S. v. Smith,* 196 N.C. 438, 146 S.E. 73; *S. v. Gooding,* 194 N.C. 271, 139 S.E. 436; *S. v. Phillips,* 185 N.C. 614, 115 S.E. 893; *S. v. Hardin,* 183 N.C. 815, 112 S.E. 593.

Neither the clerk nor his deputy had power to ignore the valid order of suspension made by the trial judge. It necessarily follows that the *mittimus* was invalid, and that the arrest and detention of Bowser thereunder was illegal.

This conclusion does not run counter to the statute embodied in G.S. 15-186, which prescribes that "the Clerk of the Superior Court, in all cases where the judgment has been affirmed (except where the conviction is a capital felony), shall forthwith on receipt of the certificate of the opinion of the Supreme Court notify the Sheriff, who shall proceed to execute the sentence which was appealed from." Manifestly, this statute applies to final judgments where nothing further is required to be done by the court, and not to orders suspending the execution of sentences on compliance with conditions imposed.

A clerk of court has no inherent power to allow or take bail in criminal cases. He can do so only by virtue of some statutory enactment. 8 C.J.S., Bail, section 40. The Clerk of the Superior Court of Washington County was not empowered by any statute to require or take the bail bond in suit. This being so, he acted without authority of law, and such bail bond is void. 6 Am. Jur., Bail and Recognizance, section 21; *San Francisco v. Hartnett,* 1 Cal. App. 652, 82 P. 1064; *Morrow v. State,* 5 Kan. 563; *Chinn v. Com.,* 28 Ky. 29; *Wallenweber v. Com.,* 66 Ky. 68; *Bunnell v. Commonwealth,* 192 Ky. 592, 234 S.W. 187; *State v. Caldwell,* 124 Mo. 509, 28 S.W. 4; *Terr. v. Reynolds,* 15 Okla. 185, 82 P. 574; *Terr. v. Woodring,* 15 Okl. 203, 82 P. 572, 6 Ann. Cas. 950, 1 L.R.A. (N.S.) 848. Hence, it falls under the condemnation of the well settled rule that a bail bond which is void because taken without authority binds neither the principal nor his surety. *S. v. Jones,* 100 N.C. 438, 6 S.E. 47; *S. v. Hill,* 25 N.C. 398; *S. v. Mills,* 13 N.C. 555; 6 Am. Jur., Bail and Recognizance, section 156.

We are unable to accept as valid the contention of the State that a surety is estopped to deny liability on a void bail bond exacted by a public official without warrant of law as a condition precedent to the discharge of the principal from unlawful imprisonment. Similar arguments have been rejected by the better considered decisions in other jurisdictions. *State v. Ricciardi,* 81 N.H. 223, 123 A. 606, 34 A.L.R. 609, and cases collected in the ensuing annotation.

Since the bail bond in suit was a nullity in law, the final judgment of forfeiture is

Reversed.