STATE v. LEROY CROOK.

*Practice in Criminal Action—Costs—Suspension of Judgment on Payment of Costs—Imposition of Judgment after Payment of Part of the Costs.*

1. The order for the payment of the costs of a criminal prosecution does not constitute any part of the punishment inflicted upon conviction, the legal effect of a conviction and judgment being to vest the right to the costs in those entitled to them.

2. The payment of part of the costs by a defendant adjudged to pay the costs of a criminal prosecution, judgment as to the punishment for the offence being suspended, is not undergoing or performing a part of the sentence and does not come within the principle of *State* v. *Warren*, 92 N. C., 825.

3. If the Court couples with a judgment for the payment of costs any judgment that might constitute a part of a sentence the power of the Court is exhausted in its rendition, and the suspension of judgment will be deemed to have been ordered on condition of the performance of such requirements.

4. Where, upon a verdict of guilty, the Court pronounces judgment that the defendant pay a fine and stand committed until it be paid, the imprisonment is no part of the punishment; likewise, when a defendant is committed during a term of Court for non-payment of costs and is brought before the Judge during the same term on the prayer of the Solicitor for judgment.

5. Where judgment was suspended against two convicted persons on the condition that one of them pay all the costs of the prosecution, and such person pays only part thereof, the presiding Judge may impose the suspended sentence, though such defendant has already been committed to jail for default of payment of such costs.

This was an indictment for an affray with deadly weapons, tried before his Honor *Bynum, J.,* at February Term, 1892 of the Superior Court of UNION County.

The defendant Crook plead guilty, and the defendant Gurley stated in open Court that he would no longer contend, against the State, and upon the motion of the Solicitor the Court made the following order: "Judgment suspended against both defendants upon the payment by the defendant Crook of all the costs of the case, to be taxed by the Clerk of this Court." The defendant Crook was given time to pay the costs, and was required to give bond for his personal appearance at the next term of the Court, the bond being renewed from time to time in order that the defendant Crook could the more easily pay said costs, which was a very large amount. The defendant so appeared at the said term of said Superior Court and so renewed his bond from time to time until August Term, 1894—the present term of said Court, began and held on the 20th day of August, 1894, to and including the 1st day of September, 1894—when the defendant Crook came into Court on the first day of the term, it being the 20th day of August, 1894, and stated to

the Court that he had paid part of said bill of costs, some $60 or $70, none of the Court costs or State's witnesses, except Solicitor's fee of $8, which was paid by defendant Crook. Thereupon his Honor, Winston, J., upon motion of the Solicitor, placed the defendant Crook in the custody of the Sheriff, who committed him to the common jail of said county, where he remained until Saturday, the 1st day of September, 1894, the same being the last day of the two weeks term of said Superior Court, and the twelfth day that said Crook had been in jail, when his Honor, Winston, J., just before Court adjourned for the term, had the defendant Crook brought into Court and adjudged that he be confined in the common jail of said county for six months with leave to the Commissioners to hire him out, he not having paid or arranged the said costs.

To which judgment the defendant Crook excepted and appealed, assigning as error the ruling of his Honor and the judgment of said Court—

"1. That the former order or judgment of the Court made in February, 1892, that the defendant Crook pay all the costs in this case, including the costs of his co-defendant Gurley, was a judgment of the Court against the defendant Crook, and the judgment having been performed in part, to wit, a payment of a part of the costs, it was no longer in the power of the Court to change said judgment and imprison the defendant.

"2. That the defendant having stated to the Court that he was unable to pay the balance of said bill of costs, and the Court having ordered the defendant into the custody of the Sheriff, that said order was, by implication, a judgment of the Court and an order to the Sheriff to imprison the defendant until the cost was paid or he be discharged according to law, and the defendant Crook having been in jail twelve days of the twenty or thirty days necessary to remain in jail to be discharged under the insolvent debtor's law, had

thereby executed a part of this judgment, and it was no longer in the power of the Court to change the judgment in a manner to make it more harsh."

*The Attorney General,* for the State.
*Mr. F. H. Whitaker, Jr.,* for defendant (appellant).

AVERY, J.: The practice of making an order, where defendants are convicted or submit on a criminal charge, that the judgment be suspended upon the payment of the costs, is one that seems to be somewhat peculiar to our own Courts; but it must be admitted that its adoption has proved very salutary, both in bringing about the reformation of petty offenders and in the suppression especially of certain classes of offences. The exercise of this discretionary power has not heretofore been questioned, and the beneficial effects of its judicious use have been made so manifest as to commend it both to the Judges and the people.

We search in vain for direct authority emanating from the Courts of other States to aid us in determining the precise meaning of such orders, because it has not been the practice to make them elsewhere in the same way. The order is in effect a final judgment for the whole or a certain proportion of the costs incurred in the prosecution of the charge, but a suspension of the sentence of fine or imprisonment, either generally and indefinitely or till some specified term of the Court. We cannot understand how the rights of a defendant are infringed or his interests prejudiced by allowing him to escape for the present upon a partial judgment for the costs, and suspending the motion or prayer for further punishment, instead of subjecting him immediately to such fine or imprisonment as his own criminal conduct has made him liable to suffer. In civil causes this Court has approved the practice of granting a writ of restitution on appeal to one wrongfully dispossessed of land under a

Justice's judgment, and by the same order retaining the case till witnesses could be summoned, and the damages growing out of the wrongful ejection assessed. *Lane* v. *Morton,* 81 N. C., 38. We might adduce other instances in which one branch of a controversy has been finally disposed of, while other matters in dispute have been retained to await further investigation preliminary to judgment, but it is needless to do so.

It is familiar learning that a Court may suspend the judgment over a criminal in toto until another term, but has no power to impose two sentences for a single offence, as by pronouncing judgment under one count in an indictment and reserving the right to punish under another count at a subsequent term, or by imposing a fine and at a later term superadding imprisonment. *State* v. *Ray,* 50 Iowa, 520; *State* v. *Miller,* 6 Baxter (Tenn.), 513; *State* v. *Watson,* 95 Mo., 411; *People* v. *Felix,* 45 Cal., 163; *Thurman* v. *State,* 54 Ark., 120; Wharton's Cr. Pl. and Prac., sec. 913; *Whitney* v. *State,* 6 Lea. (Tenn.), 247. The judgments, orders and decrees of a Court as a general rule are under its control and subject to modification during the term at which they are entered; but where a defendant has undergone a part of the punishment, the sentence cannot be revoked and another, except in diminution or mitigation, substituted for it, because he would be twice placed in jeopardy and twice subjected to punishment for the same offence. *State* v. *Warren,* 92 N. C., 825; *Ex parte* Lange, 18 Wall., 163.

The punishment which the Courts are prohibited from inflicting twice is usually fine or imprisonment, now that corporal punishment is inflicted only for a few offences of a character more serious than that of which the defendant was convicted. *State* v. *Burton,* 113 N. C., 655; 1 Bishop, Cr. Law, sec. 940. But costs neither constitute a part of the relief in civil actions (4 Am. and Eng. Enc., p 313 and note) nor of the punishment in criminal prosecutions, though the

payment of them, or a proposition to pay, may be considered in mitigation of sentence by the Court. The payment of costs is regulated by our statute (*The Code*, sec. 1211), which provides that every person convicted, or confessing himself guilty, or submitting to the Court, shall pay the costs of the prosecution, and the legal effect of a conviction and judgment is to vest the right to the costs in those entitled to them; but where a fine is imposed, it is due to the State and is remitted by a pardon granted by the Governor. *State* v. *Mooney*, 74 N. C., 98.

The right of the officers to recover costs in the name of the State is a mere incidental one arising out of the conviction under the provisions of our statute, and the judgment for them, as we have seen, vests the claim in the officers to whom they are due. The order for the payment of them is no more a part of the punishment proper than that to pay an allowance and cost on conviction in bastardy, but in both cases the Legislature, in the exercise of the police powers of the State, has provided for the protection of the public by making a defendant liable to imprisonment as an inducement to the payment of such costs or allowance. *State* v. *Burton, supra*, at page 659; *Myers* v. *Stafford* 114 N. C., 234.; *State* v. *Parsons*, decided at this term.

In *Commonwealth* v. *Dowdican's Bail*, 115 Mass., 136, we find a recognition of the principle we have stated in the long continued practice of the Courts of that State, which eventually (in 1865 and 1869) received the sanction of the Legislature. The Court said: "It has long been a common practice in this Commonwealth, after verdict of guilty in a criminal case, when the Court is satisfied that by reason of extenuating circumstances or the pendency of a question of law in a like case before a higher Court, *or other sufficient cause*, public justice does not require an immediate sentence, to order, with the consent of the defendant and of the Attorney for the Commonwealth, and upon such terms as the

Court in its discretion may impose, that the indictment be laid on file. * * * Such an order is not equivalent to a final judgment or to a *nolle prosequi* or discontinuance by which the case is put out of Court, but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the docket, and leaves it within the power of the Court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or *judgment thereon.* Neither the order laying the judgment on file, nor *the payment* of costs, therefore, entitled the defendant to be finally discharged." It thus appears that under the name of laying the indictment on file the Courts of that State accomplished the same result attained here by suspending judgment.

Such orders are not prejudicial but favorable to defendants, in that punishment is postponed with the possibility of escaping it altogether; and it is presumed that the party adjudged guilty is present and assenting to if not asking for such orders. *Gibson* v. *State,* 68 Miss., 241. If the payment of the costs constitutes no part of the punishment, as was held by the Supreme Court of Massachusetts, and by the Court of Mississippi in Gibson's case, *supra,* as well as by the Supreme Court of Florida in *Ex parte Williams,* 26 Fla., 310, then the payment of a portion of it by the defendant is not undergoing or performing a part of the sentence, and does not bring this case within the principle announced in *State* v. *Warren* and *Ex parte Lange, supra; Easterling* v. *State,* 35 Miss., 210.

It is conceded that when the Court couples with the payment of the costs any judgment that might have constituted a part of a sentence, as that a public nuisance be abated, in case of conviction for creating it, the power of the Court is exhausted in its rendition, and the suspension of judgment is deemed to have been ordered on condition of the performance of such requirement. *State* v. *Addy,* 43 N. J.,

STATE *v.* CROOK.

113; *Gibson* v. *State, supra.* But the suspension of the judg-
ment upon the payment of the whole of the costs by one of
the two defendants in this case, including the Solicitor's fee
due from his co-defendant, and the actual payment of both
fees taxed for the prosecuting officer, fails to bring it within
the principle announced in Addy's case, *supra,* since the ad-
judication that such co-defendant pay his own fee as a part
of the costs would have constituted no part of his punish-
ment, and when added as a part of the costs to defendant's
bill inflicts no punishment on him. The Court merely sus-
pended judgment on the condition of paying the costs of the
other defendant, as well as his own, as a part of the terms
upon which the favor of the postponement was granted, as
it is the practice to do on conviction in such cases. Gibson's
case, *supra.*

It has always been the practice in our Courts, so far as
we can ascertain, where the judgment for costs is rendered
in the same order of the Court which imposes the sentence,
to leave the exact amount of the costs to be taxed by the
Clerk, and under the act of 1879 to be revised by the Judge.
The practice under that act was to revise the bills of costs at
chambers, and it seems neither to have been contemplated
by the Courts nor by the Legislature that costs in a criminal
action constituted a part of the punishment for the offence,
and that the party convicted might consequently claim the
right to such notice as would enable him to be present when
the Court should adjudge what amount was due.

" Where the defendant is found guilty, and the Court pro-
nounces judgment that he pay a fine and stand committed
until it be paid, the imprisonment is no part of the punish-
ment, but only a mode of enforcing payment of the fine." 1
Arch. Cr. Pr. and Pl. (Pomeroy's Ed.), page 580; *Son* v.
*People,* 12 Wend., 344. The same principle applies where
he is committed during a term for a non-payment of a judg-
ment for costs, like that in this case, and is brought before

STATE *v.* CROOK.

the Judge during the same term on the prayer of the Solicitor for judgment.   The Court in such cases orders the defendant to be committed by way of inducement to pay the costs.   If the order prove ineffectual, it becomes optional with the Court whether he shall be allowed to remain in prison and rid himself of responsibility for cost by taking at the proper time the insolvent debtor's oath, or whether he shall be brought to the bar of the Court and subjected to the sentence which still remains suspended over him.   An order of commitment, whether for non-payment of fine and cost, or cost only, can be modified during the term at which it is entered (Burton's case, *supra*), because where there is a sentence to pay a fine "its execution" does not begin in contemplation of law till the power of modification by the Court ends, and the committal or failure to discharge costs is treated as an effort to enforce the payment till the same period. The rule is different where the Court sentences a prisoner, as a part or the whole of its judgment, to a term of imprisonment in the common jail, and he is immediately committed to prison.   In such cases he is not incarcerated for failure to pay, or to enforce payment of fine and costs, but is deemed from the day of his commitment to the expiration of the term to be undergoing his sentence.   Upon the expiration of his term he may still pay fine and costs imposed in addition to imprisonment, but on his failure to do so the law holds him to be still committed for the statutory period, and until he shall comply with the requirements of the statute.   *State* v. *Parsons*, decided at this term.

We think, therefore, that there was no error in the ruling of the Court below, and its judgment is          Affirmed.