STATE v. BURGESS.

(Filed 8 December, 1926.)

**Judgments—Criminal Law—Continuance—Appeal and Error—Objections and Exceptions—Waiver.**

The defendant, on conviction of a criminal offense, has the right to have the judgment given at the term in which the conviction was had, so as to afford him the right to appeal to the Supreme Court, and it is error for the trial judge to continue the rendition of the judgment to some indefinite future time, under the defendant's exception, and when he has not waived this right.

APPEAL from *Harwood, J.,* at August Term, 1926, of BURKE. Remanded.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Wilson Warlick and Spainhour & Mull for defendant.*

CLARKSON, J. The defendant was convicted of an assault with a deadly weapon, to wit, an automobile—"a large motor truck."

The judgment of the court below is as follows: "It appearing to the court that a civil action is pending on account of the alleged assault, it is ordered that the judgment be continued upon payment of the costs." Defendant excepts.

C. S., 4650, is as follows: "In all cases of conviction in the Superior Court for any criminal offense, the defendant shall have the right to appeal on giving adequate security to abide the sentence, judgment or decree of the Supreme Court, and the appeal shall be perfected and the case for the Supreme Court settled as provided in civil actions."

It has been uniformly held with us that an ordinary statutory appeal will not be entertained except from a judgment on conviction or some judgment in its nature final. *S. v. Webb,* 155 N. C., 426. The same principle applies ordinarily in civil actions. *Gilliam v. Jones,* 191 N. C., 621.

From the record it appears that defendant excepted to the judgment of the court below being continued. There is no evidence that he waived any right or consented to the continuance. In a case of this character—misdemeanor: In *S. v. Hartsfield,* 188 N. C., p. 357, it is held: "A right arising during the progress of an orderly proceeding may be waived by express consent or by failure to insist upon it in apt time. *S. v. Paylor,* 89 N. C., p. 539." *S. v. Matthews,* 191 N. C., 378; *S. v. Lakey,* 191 N. C., 571. The same principle applies in civil actions. *Armstrong v. Polakavetz,* 191 N. C., 731.

In the present case the prayer for judgment was continued. To this defendant excepted. He had a substantial right that some final judgment be rendered so as to enable him to preserve his right under the law. There was error in continuing the judgment over defendant's objection. It was a right he could, but did not, waive. In *S. v. Crook,* 115 N. C., 760, it is said: "Such orders are not prejudicial but favorable to defendants, in that punishment is postponed with the possibility of escaping it altogether; and it is presumed that the party adjudged guilty is present and assenting to if not asking for such orders. *Gibson v. State,* 68 Miss., 241."

We do not intend to say, however, that a judge of the Superior Court has no power to continue a prayer for judgment from one term

to another, without the defendant's consent, if no terms are imposed and no cost is taxed at the time the prayer is continued. It is sometimes found to be expedient, if not necessary, to continue a prayer for judgment, and the judges of the Superior Court may exercise this power, as above stated, with or without the defendant's consent. Of course with his consent, express or implied, the prayer may be continued or the judgment suspended upon the imposition of terms.

The defendant did not consent to the judgment being continued for an indefinite time, or waive any right, and he is entitled to have the judgment rendered. The case is

Remanded.