STATE v. B. C. JAYNES.

(Filed 28 May, 1930.)

1. **Intoxicating Liquor A a: Constitutional Law B a—State may enact more stringent laws in regard to prohibition than Volstead Act.**

    Under the inherent powers the State retains in matters not delegated to the Federal Government, the State may enact a statute more stringent than the Federal Statute relating to intoxicating liquor when not in conflict with the Eighteenth Amendment to the Federal Constitution or with Federal statutes, although the State law was enacted to conform to the Federal Statute.

2. **Intoxicating Liquor C c—Possession of property designed for manufacture of intoxicants is unlawful under C. S., 3411(d).**

    In the interpretation of C. S., 3411(d), making it unlawful to possess any property "designated" for use in manufacturing intoxicating liquor, the word "designated" is construed to mean "designed," and so used it is held in this case that evidence of the defendant's guilt of possessing parts of a still designed and intended for the purpose of manufacturing intoxicating liquor was sufficient to be submitted to the jury and to sustain their verdict of guilty, and the fact that the parts had not been assembled into a distillery is immaterial under the language of the statute.

3. **Same—Charge of possession of property designed for manufacture of intoxicants is not charge of an attempt to commit a crime.**

    An indictment charging the defendant with a violation of C. S., 3411(d), in that he had in his possession property designed for the manufacture of intoxicating liquor is not identical with a charge of an attempt to commit a crime.

4. **Criminal Law K b—Prayer for judgment may not be continued over objection of defendant.**

    Where the verdict finds a defendant guilty of a criminal offense, prayer for judgment may not be continued over the objection of the defendant.

BROGDEN, J., dissents.

APPEAL by defendant from *Oglesby, J.,* at November Term, 1929, of CALDWELL.

Criminal prosecution tried upon an indictment charging the defendant with having in his possession "certain utensils and contrivances, to wit, distilling outfit, jars, jugs, worm, beer, malt, barrels, etc., de-

signed and intended for the use in the unlawful manufacture of intoxi-
cating liquors," contrary to the provisions of 3 C. S., 3411(d).

The evidence for the State tends to show that on the afternoon of
7 February, 1928, two officers of Caldwell County were out in the
woods looking for a still; they found the defendant about 300 yards from
his house; he had a spade digging a place in the side of a branch, while
near by was a big sheet-iron vessel with a wooden bottom in it, "a big
sheet-iron distillery," as the witness described it, about three feet deep,
holes punched in the top to nail a head on, capacity apparently 100 gal-
lons. On seeing the officers, the defendant ran away and did not return
until about three hours thereafter.

The defendant testified that the receptacle he had was intended for
use in watering his tobacco plants; that it was unfit for distilling pur-
poses; that the branch, so called, was only a drain and had no water in
it at the time; that he did not run from the officers; and that he was
not preparing or intending to make any liquor.

Motion for judgment as in case of nonsuit; overruled; exception.

Verdict: Guilty.

Judgment: "Prayer for judgment continued two years upon condi-
tion that the defendant pay a fine of $50.00 and the costs, and upon
further condition that he does not violate the prohibition laws and upon
further condition that he does not take a drink." Objection and ex-
ception.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for
the State.*

*W. A. Self and Newland & Townsend for defendant.*

STACY, C. J., after stating the case: The second sentence of 3 C. S.,
3411(d) is as follows: "It shall be unlawful to have or possess any
liquor or property designated for the manufacture of liquor intended
for use in violating this article, or which has been so used, and no prop-
erty rights shall exist in any such liquor or property." The word "desig-
nated," appearing herein, was evidently intended for "designed," and
may be so regarded. *S. v. Bell,* 184 N. C., 701, 115 S. E., 190. We
omit any consideration of the clause, "or which has been so used," as it
is unnecessary to decide its meaning or validity on the present appeal.

While it does not appear that the Volstead Act, 41 U. S. Statutes at
Large, 305, contains a provision exactly like the one under which the
defendant has been indicted *(Danovitz v. U. S.,* decided 5 May, 1930),
and notwithstanding the Turlington Act, ch. 1, Public Laws 1923, was
ostensibly adopted "to make the State law conform to the National law

in relation to intoxicating liquor," nevertheless it is the generally accepted view that the several States may legislate more stringently on the subject than the Congress has done. *S. v. Lassiter, ante,* 352. This power existed in the States prior to the adoption of the Eighteenth Amendment and the passage of the Volstead Act, and such power is still preserved to them under the Tenth Amendment to the Constitution of the United States. *S. v. Harrison,* 184 N. C., 762, 114 S. E., 830.

It is true that in the instant case the defendant's evidence, if believed, would have warranted an acquittal, but the State's evidence, considered in its most favorable light, the accepted position on a motion to nonsuit, was apparently sufficient to carry the case to the jury. In this respect, we find no error. The defendant is not charged with an attempt to commit a crime *(S. v. Addor,* 183 N. C., 687, 110 S. E., 650), but with having in his possession certain utensils designed and intended for use in the unlawful manufacture of intoxicating liquor. The fact that they had not been completely assembled or arranged for the purpose would seem to make no difference under the language of the statute.

The form of the judgment would seem to be objectionable. *S. v. Gooding,* 194 N. C., 271, 139 S. E., 436; *S. v. Schlichter,* 194 N. C., 277, 139 S. E., 448. Prayer for judgment may not be continued over the defendant's objection. *S. v. Burgess,* 192 N. C., 668, 135 S. E., 771. Here the defendant did object to its continuance. Hence, the judgment, as entered, will be stricken out and the cause remanded for a valid judgment.

Error, and remanded.

BROGDEN, J., dissenting.