STATE v. RALPH WILSON.

(Filed 20 September, 1939.)

**1. Criminal Law § 63—**

The Superior Court has the power to suspend execution of a sentence in a criminal prosecution for a period of five years, ch. 132 (4), Public Laws of 1937, notwithstanding that the maximum imprisonment authorized for the offense of which defendant is convicted is two years.

**2. Same—Terms upon which execution was suspended held to require payment of fine and that defendant remain law-abiding.**

Upon conviction of defendant of a misdemeanor, judgment was entered that defendant be imprisoned in the county jail for a term of eight months, with further provision that execution of the judgment should be suspended upon the payment of a fine and upon further condition that defendant remain law-abiding for a period of five years. *Held:* The condition upon which execution was suspended was twofold; first, the payment of the fine and, second, that defendant remain law-abiding for a term of five years; and upon conviction of defendant of a subsequent violation of the criminal law within the period of five years, the order of the court putting into effect the suspended execution is proper, notwithstanding defendant had paid the fine, defendant's contention that judgment suspending execution did not contemplate imprisonment if the fine should be paid, being untenable.

**3. Criminal Law § 62—**

Ordinarily, the terms upon which a sentence is suspended must be sufficiently definitive to permit enforcement ministerially by its inherent directions, and a judgment which imposes propositions in the alternative is void.

**4. Same—Condition upon which execution was suspended held not void as being alternative.**

Upon conviction of defendant of a misdemeanor, judgment was entered sentencing him to imprisonment in the county jail for a term of eight months, with provision that execution of the judgment be suspended upon payment of a fine and upon further condition that defendant remain law-abiding for a period of five years. *Held:* The effect of the provision suspending execution was to impose a fine, to be paid forthwith, and to suspend the execution of that portion of the judgment referring to im-

prisonment upon the condition defendant remain law-abiding for a period of five years, and therefore the judgment is not in the alternative and is valid, the court having the power to impose both the sentence of imprisonment and the fine and to suspend the one and execute the other.

**5. Criminal Law § 63—**

A defendant who is present and remains silent is presumed to accept the conditions upon which execution of his sentence is suspended.

**6. Criminal Law § 81b—When record discloses that defendant had violated terms of suspended execution it will be presumed that court considered facts in ordering execution to be put into effect.**

When execution is suspended upon condition that defendant remain law-abiding during a period of five years, and it appears of record that defendant was convicted of subsequent violation of the criminal law during that period, it will be presumed that in entering a subsequent order putting into effect the suspended execution the court properly considered the facts of record, and such order will be upheld notwithstanding that it fails to set forth the facts upon which execution was ordered, there being no request by defendant that the facts be found.

STACY, C. J., dissenting.

BARNHILL and WINBORNE, JJ., concurring in dissent.

APPEAL by defendant from *Alley, J.,* at June Term, 1939, of STOKES. Affirmed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Petree & Petree and Folger & Folger for defendant, appellant.*

SEAWELL, J.   The judgment from which appeal was taken was rendered at June Term, 1939, of Stokes County Superior Court, and reads as follows: "Saturday, July 1, 1939, Superior Court of Stokes County. State *v.* Ralph Wilson. In Nos. 47 and 50, April Term, 1938, the Solicitor having made a motion to put the judgment into effect, and it appearing to the court that the terms of said suspended sentence have been violated by the defendant, it is ORDERED that a capias issue to put the said judgment into effect.   To the order of the court to put into effect the sentence imposed at April Term, 1938, the defendant, Ralph Wilson, excepts and gives notice of appeal to the Supreme Court; notice of appeal given in open court; further notice waived.   Appeal bond in the sum of $50.00 adjudged sufficient; appearance bond in the sum of $500.00 required."

Prior to the rendition of this judgment, that is, at April Term, 1938, the defendant, with a codefendant, Hobe Bennett, waived bill and pleaded guilty in cases Nos. 47 and 50 on the docket at said term upon a charge of transporting intoxicating liquor, and the following judgment

was entered: "Judgment of the court is that the defendants, and each of them, be confined in the common jail of Stokes County for a term of 8 months, and be assigned to work on the public highways under the supervision of the State Highway & Public Works Commission. Suspended upon payment of a fine of $100.00 each and the cost of the action, and upon the further condition that the defendants be and remain law-abiding for a term of five years."

Between the dates of these sentences, that is, at the April Term, 1939, of Stokes County Superior Court, the defendant Wilson was convicted of forcible trespass (No. 34 of that term), and the prayer for judgment in that case was continued, with a reservation that sentence might be pronounced at the same term or any subsequent term.

The judgment at the July Term, 1939, was made upon a motion to put the judgment of April Term, 1938 (on the submission of defendant on the transportation charge), into effect, upon the ground that he had violated the same by failing to be and remain a law-abiding citizen.

It will be observed that the condition attached to the suspension of sentence ran for a period of five years from the pronouncement of judgment, while the offense for which the defendant was pronounced guilty is a misdemeanor not of the class subjecting the offender to imprisonment in the State's Prison (C. S., 4173), and the punishment was by fine or imprisonment, or both, as in ordinary misdemeanors, in which at common law imprisonment may not exceed two years. The judgment putting the former sentence into effect was entered less than two years after conviction and within the five years during which the condition had to run.

In *S. v. Tripp,* 168 N. C., 150, 152, 83 S. E., 630, the Court, per *Justice Hoke,* said: "The power of a court, having jurisdiction, to suspend judgment on conviction in a criminal case for determinate periods and for a reasonable length of time has been recognized and upheld in several decisions of our Court, as in *S. v. Everitt,* 164 N. C., 399; *S. v. Hilton,* 151 N. C., 687; *S. v. Crook,* 115 N. C., p. 760." Since that time the period during which the execution of a sentence in a criminal case may be suspended on conditions has been fixed as five years, regardless of the term of imprisonment authorized by statute—chapter 132, Public Laws 1937, sec. 4, quoted below.

The principal challenge to the validity of the judgment is that it is alternative and that, upon a fair interpretation, it was not the intention of the court to impose a sentence of imprisonment should the fine be paid, and that to require the payment of the fine and imprisonment also would subject defendant to double jeopardy or double punishment.

As a matter of interpreting the intention of the court, the point is not tenable. The condition upon which the judgment of imprisonment was

to be enforced contains two distinct propositions, to wit: (a) The payment of the fine of $100.00; and (b) remaining a law-abiding citizen for a term of five years; and the full condition is not discharged by compliance with one of them. The view that the court intended that the defendant should not suffer imprisonment if he should pay the fine cannot be sustained, since such a construction would totally disregard the requirement that defendant be and remain of good behavior for the specified term. In fact, it seems to us that the fine was to be paid immediately, as no future time was set for its payment, and, in that event, if the contention of the defendant is to be accepted, the further condition enjoined by the court would be meaningless surplusage.

Nor is the judgment alternative, although an alternative is presented to the convicted defendant whether he shall remain a good citizen or be subject to imprisonment. An alternative judgment is a judgment "for one thing or another" (33 C. J., p. 1197), which does not specifically and in a definitive manner determine the rights of the parties. A judgment is said to be alternative because it requires the performance of one or more alternative propositions and is incapable of enforcement because the selection involves a function which may be performed only by the court, and such a judgment is void. *Strickland v. Cox,* 102 N. C., 410, 9 S. E., 414; *S. v. Hatley,* 110 N. C., 522, 14 S. E., 751. With some exceptions, not necessary to consider here, it must be sufficiently definitive to permit enforcement ministerially by its inherent directions. The sentence before us meets this test.

If any confusion exists, it arises out of the fact that the fine itself appears in the condition; but it is a fine and is so denominated. Since in criminal procedure the court has no right to impose a fine except as a punishment for an offense or require one to be paid in any other connection, although in form it may appear as a condition, it must be presumed that this court did impose the fine, and the condition supposed to be annexed was that it should be paid forthwith. The court had plenary power to impose both the sentence of imprisonment and the fine. No question could be raised as to the power to execute the one and suspend the other. Although in imposing both more orderly language might have been used, the whole judgment admits of no doubt that its effect was to impose the fine and imprisonment and to suspend that portion of the judgment referring to imprisonment upon the condition that the defendant remain a law-abiding citizen for the five-year period designated. If that had not been true, it was the privilege of the defendant at the term when the sentence was imposed to demand a modification and an unrestricted discharge upon the payment of the fine. While such a motion might have resulted in a more logically worded sentence, it is inconceivable that while the matter was *in fieri* a discharge of that sort

would have been granted, as we interpret the intention and the effect of the judgment challenged.

The defendant was present and by his silence was presumed to accept the conditions imposed. *S. v. Everilt,* 164 N. C., 399, 79 S. E., 274.

The questions raised in this case have an added importance because the State has recently entered into the administration of an extensive program of probation, under chapter 132, Public Laws of 1937 (see *supra*), under which a large and active department has been created. The act cited frankly makes probation depend on the power of judges to suspend judgments upon conditions outlined in the act, the more important of which relate to good behavior. Before we criticize too much the phrasing of the judgment in the case at bar, we should consult this statute. Doubtless the learned judge who imposed the sentence had it before him at the time, since it had been in effect more than a year. It provides in part: "Section 1. Suspension of Sentence and Probation. That after conviction or plea of guilty or *nolo contendere* for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation."

"Sec. 3. Conditions of Probation. That the court shall determine and may impose, by order duly entered, and may at any time modify the conditions of probation and may include among them the following, or any other: That the probationer shall: . . . (g) *Pay a fine in one or several sums as directed by the court.*"

"Sec. 4. Termination of Probation, Arrest, Subsequent Disposition. That the period of probation or suspension of sentence *shall not exceed a period of five years* and shall be determined by the judge of the court and may be continued or extended within the above limit."

It seems to us that this statute should determine the case before us, both as to the inclusion of the fine in the conditions of probation or suspension of judgment and the term during which it is within the jurisdiction of the court to fix the period of probation and the running of the condition.

While the facts upon which the court put in force the suspended sentence do not appear in the judgment itself, no request was made that such facts be found. The record was before the court as it is given here, for its inspection, and, under the circumstances, there is a presumption that it was properly considered. There is no contention by the defendant that his conviction for a violation of the criminal law during his period of probation was improper or that it improved his status as a law-abiding citizen.

The judgment is

Affirmed.

STACY, C. J., dissenting: I am not able to share the confidence with which the majority opinion starts and ends. My apprehensions are more nearly expressed about the middle of the opinion, where the going is not quite so easy, and it is conceded that "more orderly language might have been used" in imposing the judgment at the April Term, 1938.

Under the judgment in question the defendant has paid a *fine* of $100 and is now to serve a term of eight months on the roads. It is difficult to extract this meaning from the language employed. Even this Court is put to the necessity of transposition and interpretation. Nor is the probation statute particularly helpful in the premises. To "impose a fine and also place the defendant on probation" is not the same as to suspend judgment of imprisonment "upon the payment of a fine . . . and upon the further condition that the defendant be and remain law-abiding for a term of five years." See *S. v. Bennett,* 20 N. C., 170; *S. v. Warren,* 92 N. C., 825; *S. v. Crook,* 115 N. C., 760, 20 S. E., 513; *S. v. Jaynes,* 198 N. C., 728, 153 S. E., 410; *S. v. McLamb,* 203 N. C., 442, 166 S. E., 507; *S. v. Godwin,* 210 N. C., 447, 187 S. E., 560; 8 R. C. L., 244.

It was said in *Yu Cong Eng v. Trinidad,* 271 U. S., 500, "That a statute which requires the doing of an act so indefinitely described that men must guess at its meaning, violates due process of law." If such be the rule in respect of statutes, what shall be said of ambiguous judgments? The answer was given in *S. v. Gooding,* 194 N. C., 271, 139 S. E., 436.

A defendant ought not to be required to guess at the meaning of a suspended judgment. The matters involved—the enforcement of the criminal law and the liberty of the citizen—are worthy of exactitude.

BARNHILL and WINBORNE, JJ., concur in dissent.