STATE v. CHESLEY GRAHAM.

(Filed 23 May, 1945.)

**1. Appeal and Error § 48—**

Where defendant, in a criminal prosecution for violation of various provisions of the prohibition law, was convicted by a general verdict of guilty as charged and judgment entered on the count of manufacturing and prayer continued on the other counts, and upon appeal this Court held the evidence insufficient to support a verdict on any count except that of possession for sale and remanded the case for a lawful sentence, on the cause coming on for hearing, it was the duty of the court below to pronounce judgment as directed by this Court.

**2. Criminal Law § 63—**

A judge may suspend judgment over a criminal *in toto* until another term.

**3. Criminal Law §§ 55, 63—**

In the absence of a statute to the contrary, sentence does not necessarily have to be imposed at the same term of court at which the verdict or plea of guilty was had, and courts of general jurisdiction, having stated terms for the trial of criminal actions, have the power to continue the case to a subsequent term for sentence. And if through inadvertence or oversight sentence is not pronounced during the term at which the case was tried, or if the clerk neglects to enter a sentence duly pronounced, the court may impose sentence at a subsequent term.

**4. Criminal Law §§ 62, 63—**

A judge of the Superior Courts may exercise the power to continue a prayer for judgment from one term to another, and when no conditions are imposed, he may exercise this power with or without the defendant's consent. It is otherwise where conditions are imposed, except perhaps when the judge proceeds under the probation statutes. G. S., Art. 20, ch. 15.

**5. Appeal and Error § 48: Criminal Law § 65—**

Where a defendant, in a criminal prosecution based on several counts, was convicted by a general verdict and judgment of imprisonment rendered on a count as to which there was insufficient evidence, and on appeal the case was remanded for a lawful sentence, an objection, that no judgment was rendered by the court below at the first term after the decision of this Court was certified down, is without merit.

APPEAL by defendant from *Nimocks, J.,* at January Term, 1945, of BLADEN. Affirmed.

Defendant was tried at the January Term, 1944, under a warrant containing five counts, charging the violation of various provisions of the prohibition law. There was a general verdict of guilty as charged. The

court pronounced judgment of imprisonment on the count of manufacturing and continued prayer for judgment on the other counts.

The defendant appealed and we held that there was no sufficient evidence to support the verdict on any count except the third, which charged unlawful possession of intoxicating liquor for the purpose of sale. As to that count we found no error. The judgment entered was vacated and the cause was remanded for judgment on the third count. *S. v. Graham,* 224 N. C., 351.

At the January Term, 1945, the solicitor prayed judgment on the verdict of guilty of unlawful possession of intoxicating liquor for the purpose of sale affirmed by this Court. Thereupon, after hearing evidence and argument of counsel, the court pronounced judgment and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Hector H. Clark and James R. Nance for defendant, appellant.*

BARNHILL, J.   The defendant, in the court below, objected to the pronouncement of judgment and moved in arrest of judgment on the theory that the court, having failed to pronounce judgment on the third count at the January Term, 1944, at which the defendant was convicted, was without jurisdiction to impose sentence at a subsequent term. He contends "(1) That the counts in the warrant are closely related; (2) That the Court at the January 1944 Term had all the facts before it; (3) That the defendant's plea of not guilty and his appeal to the North Carolina Supreme Court challenged any right of the court to retain jurisdiction sufficiently to at a later Term impose sentence; (4) That the Court without hearing some evidence could not proceed to sentence the defendant as set forth in the record; (5) That if the Court had intended to punish the defendant on the third count in the warrant it could and should have done so at the January 1944 Term."

The defendant's fourth contention is answered by the record. The judgment discloses that the court heard evidence before imposing sentence. He cites, in support of his other contentions, *S. v. Crook,* 115 N. C., 760; *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593; *S. v. Pelley,* 221 N. C., 487, 20 S. E. (2d), 850, and other decisions of like import. But those decisions discuss the authority of the court to proceed at a subsequent term when judgment is suspended or execution is stayed on condition, or judgment is pronounced on one or more closely related counts, and prayer for judgment is continued as to the others. They are not in point.

Here the defendant appealed. The judgment entered was vacated at his instance and the cause was remanded for a lawful sentence. *S. v. Shipman,* 203 N. C., 325, 166 S. E., 298; *S. v. Langley,* 204 N. C., 687, 169 S. E., 705; *S. v. Dingle,* 209 N. C., 293, 183 S. E., 376. When the cause came on for hearing on the prayer for judgment, there was no judgment on any count. The defendant stood convicted and it was the duty of the judge to pronounce judgment as directed by this Court.

On the oral argument here the defendant also challenges the jurisdiction of the court below on the ground that sentence was not imposed at the next succeeding term after the opinion of this Court was certified; that the court was without authority to continue prayer for judgment and impose sentence at a subsequent term.

There was an intervening criminal term scheduled by ·statute for Bladen County. Whether said term was convened for the transaction of business does not appear. Nor does the record disclose that the prayer for judgment was not continued at the instance or upon the request of defendant. We do not concede that his consent was essential. Even so, for these reasons alone the defendant, perhaps, has failed to disclose error.

Waiving the silence of the record in these respects, the objection to the jurisdiction of the court cannot be sustained.

It is familiar learning that a judge may suspend judgment over a criminal *in toto* until another term. *S. v. Crook, supra.*

In the absence of a statute to the contrary, sentence does not necessarily have to be imposed at the same term of court at which the verdict or plea of guilty was had, and courts of general jurisdiction, having stated terms for the trial of criminal actions, have the power to continue the case to a subsequent term for sentence. It is well settled that if, through inadvertence or oversight on the part of the court, sentence is not pronounced during the term at which the case is tried or if the clerk neglects to enter a sentence duly pronounced, the court may impose sentence at a subsequent term. 15 Am. Jur., 141; Anno. 3 A. L. R., 1014; 97 A. L. R., 806. In this jurisdiction the right so to do is not denied either by statute or usage. *S. v. Hilton,* 151 N. C., 687, 65 S. E., 1011; *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630.

The court has the power to continue prayer for judgment from one term to another, without the defendant's consent, if no terms or conditions are imposed. It is sometimes found to be expedient, if not necessary, to continue a prayer for judgment and when no conditions are imposed, the judges of the Superior Court may exercise this power with or without the defendant's consent. *S. v. Burgess,* 192 N. C., 668, 135 S. E., 771. It is otherwise when conditions are imposed, *S. v. Jaynes,* 198 N. C., 728, 153 S. E., 410; *S. v. Miller, ante,* 213, except perhaps

when the judge proceeds under the probation statute. G. S., Art. 20, ch. 15.

Applying these principles of law, this Court, in *S. v. Overton,* 77 N. C., 485, decided the exact question here presented. The Court said: "A second objection taken by the defendant is that no judgment was rendered against him by the court below at the first term after the decision of this Court was certified; that judgment could (not) be rendered after the first term. There is no force in this objection. It was at defendant's request that judgment was not rendered at the first term and the case continued. And without such request, the court had the power to suspend the judgment and continue the case until the next term."

The defendant has been duly convicted of a violation of the criminal law of the State. This Court has found no error in the trial on the count charging unlawful possession of liquor for the purpose of sale. He may not complain that there has been some delay in exacting the penalty, for he cannot in this manner discharge the debt he owes society for the breach of its rules of good conduct.

The judgment below is

Affirmed.