### STATE v. E. L. JACKSON.

(Filed 31 January, 1946.)

**1. Rape § 23—**

The punishment for a simple assault committed by a man or boy over 18 years of age upon a female, is in the discretion of the court, such assault being expressly excluded from the proviso of G. S., 14-33, limiting punishment to a fine of $50 or imprisonment of 30 days.

**2. Same: Criminal Law § 62f—Judgment may be suspended only where defendant either assents or, being present, fails to object.**

Defendant entered a plea of simple assault upon his daughter and a *nol. pros.* was entered on the charge of assault on his wife. Judgment was entered that the defendant be confined in jail and work the roads for two years, suspended upon payment of $100 for the use and benefit of his wife and $50 monthly thereafter for her benefit. Defendant excepted and appealed. *Held:* The court was without power to suspend the execution of the judgment on condition over the objection of the defendant, since the form of punishment imposed is neither sanctioned by statute nor assented to by defendant. Defendant was not placed on probation and G. S., ch. 15, Art. 20, is not involved in the decision.

APPEAL by defendant from *Williams, J.,* at September Term, 1945, of PENDER. Error.

Criminal prosecutions on bills of indictment charging that defendant, a male person over 18 years of age, did assault (1) Mrs. Earl Walker, a female person, and (2) Mrs. E. L. Jackson, a female person.

The defendant and his wife, Mrs. E. L. Jackson, live together in their home in Pender County. Their daughter, Mrs. Earl Walker, lives with them. On the afternoon of 18 August, 1945, the defendant returned to his home from a half-day fishing trip. His wife and daughter com-

plained that he had left home without providing a sufficient quantity of stove wood. An argument followed. The defendant's wife and daughter ordered him to get out of the house and leave home. The defendant slapped his daughter and a scuffle ensued.

A warrant charging an assault on Mrs. Walker and on Mrs. Jackson was issued by a magistrate and defendant was held under bond for trial in the county court. At the trial in the county court defendant was adjudged guilty and from the judgment pronounced he appealed.

In the Superior Court the grand jury returned two separate bills, one charging an assault on Mrs. Walker and the other an assault on Mrs. Jackson. The bills of indictment contain the averment that defendant is a man or boy over 18 years of age and the person assailed is a female person.

The two causes were consolidated for the purpose of trial and at the close of all the evidence defendant tendered a plea of guilty of a simple assault on Mrs. Walker, which plea was accepted. Thereupon a *nol. pros.* was entered as to the bill of indictment charging that defendant assaulted Mrs. Jackson.

The court pronounced judgment on the plea as follows:

"Let defendant be confined in jail and work roads for two years, suspended upon payment of $100.00 into the Office of Clerk of Superior Court for use and benefit of wife and $50.00 on the 25th of September and monthly thereafter."

Defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*Earlie C. Sanderson for defendant, appellant.*

BARNHILL, J. Defendant, by his exceptive assignments of error, poses two questions for decision: (1) when a man or boy over 18 years of age who is charged with an assault on a female tenders a plea of guilty of a simple assault "on Mrs. Walker," may the court impose sentence in excess of 30 days; and (2) may the court impose a prison sentence and then over the objection of defendant suspend or stay execution on condition the defendant make regular monthly payments toward the support of his wife who was not the person assaulted?

G. S., 14-33, creates no new offense. It relates only to punishment. Under its provisions all assaults, and assaults and batteries, not made felonies by other statutes are general misdemeanors punishable in the discretion of the court, except where no deadly weapon has been used and no serious damage done the punishment may not exceed a fine of $50 or imprisonment for 30 days, unless the assault is committed upon

a female by a man or boy over 18 years of age. Assaults and assaults and batteries upon a female by a man or boy over 18 years of age are expressly excluded from the proviso or exception. Thus they remain general misdemeanors. *S. v. Smith,* 157 N. C., 578, 72 S. E., 853; *S. v. Gregory,* 223 N. C., 415, 27 S. E. (2d), 140; *S. v. Bentley,* 223 N. C., 563, 27 S. E. (2d), 738; *S. v. Morgan,* 225 N. C., 549.

As said by *Walker, J.,* speaking for the Court in *S. v. Smith, supra:*

"Discarding all superfluities and rejecting nice distinctions and subtle refinements, and stripping these statutes to the bone, even to the marrow, the real intention of the Legislature is laid perfectly bare and its meaning becomes apparent. It all, therefore, results in this, that a man who is . . . convicted of a simple assault and battery upon a woman, . . . he being over the age of eighteen years, can be punished at the discretion of the court . . ."

But the court below pronounced judgment and then over the protest and objection of defendant suspended or stayed execution for an indefinite period on condition that defendant make monthly payments toward the support of his wife. In this there was error.

At common law the court could suspend judgment temporarily for some special purpose such as to allow the defendant time in which to move for a new trial or to show that he was entitled to the benefit of clergy or to apply for a pardon or to take some other step in the ordinary procedure of the case. *S. v. Bennett,* 20 N. C., 170; *S. v. Crook,* 115 N. C., 760; *S. v. Hilton,* 151 N. C., 687, 65 S. E., 1011.

In the early years of our history our judges, desiring to show leniency and at the same time hold the defendant under some restraint, began to extend the scope of this power by suspending sentence or staying execution on good behavior or other stipulated conditions. The procedure was upheld on the grounds that such orders were not prejudicial but favorable to the defendant and decision in each case was made to turn on the fact that defendant, being present, either sought or consented to such order.

"The authority of the court, on conviction, to postpone the infliction of punishment has been conceded only where the defendant either expressly assents or, being present, fails to object, and is therefore presumed to give his consent to the order." *S. v. Griffis,* 117 N. C., 709.

As thus approved the practice has prevailed so long that it may now be considered a settled part of the permissible procedure in such cases. *S. v. Crook, supra; S. v. Griffis, supra; S. v. Hilton, supra; S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630; *S. v. Burnette,* 173 N. C., 734, 91 S. E., 364; *S. v. Greer,* 173 N. C., 759, 92 S. E., 147; *S. v. Hoggard,* 180 N. C., 678, 103 S. E., 891; *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593; *S. v. Vickers,* 184 N. C., 676,

114 S. E., 168; *S. v. Phillips,* 185 N. C., 614, 115 S. E., 893; *S. v. Shepherd,* 187 N. C., 609, 122 S. E., 467; *S. v. Henderson,* 206 N. C., 830, 175 S. E., 201; *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643; *S. v. Ray,* 212 N. C., 748, 194 S. E., 472; *S. v. Wilson,* 216 N. C., 130, 4 S. E. (2d), 440; *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9; *S. v. Pelley,* 221 N. C., 487, 20 S. E. (2d), 850; *S. v. Miller,* 225 N. C., 213; *S. v. Graham,* 225 N. C., 217.

But here the defendant did not consent. He in apt time entered his exception and noted his appeal. Hence, since the form of punishment imposed is neither sanctioned by statute nor assented to by defendant, the judgment cannot stand.

As said by *Stacy, C. J.,* in *S. v. Webb,* 209 N. C., 302, 183 S. E., 367:

"As the defendant neither sought nor accepted the indulgence and forbearance of the court, it was error to withhold final judgment, or some judgment in its nature final, so that the defendant might test the validity of the trial by appeal." *S. v. Burgess,* 192 N. C., 668, 135 S. E., 771; *S. v. Jaynes,* 198 N. C., 728, 153 S. E., 410; *S. v. Griffis, supra.*

The defendant was not placed on probation. The court clearly proceeded under the practice prevailing prior to the adoption of ch. 132, Public Laws 1937, now G. S., ch. 15, Art. 20. Hence anything here said has no bearing upon and is not intended as an interpretation or delimitation of that Act.

The judgment entered is stricken and the cause is remanded for a proper judgment.

Error and remanded.