## STATE OF NORTH CAROLINA v. LINWOOD K. HILL

### No. 6910SC488

(Filed 22 October 1969)

**1. Criminal Law § 162— general objection to testimony competent in part**

In this prosecution for assault with a deadly weapon, the trial court did not err in overruling defendant's general objections to testimony by the prosecutrix which showed that defendant had previously been convicted of assaulting her, where in each instance the prosecutrix testified at length in response to proper questions by the solicitor and portions of the statements objected to were admissible.

**2. Criminal Law § 162— general objection to testimony competent in part**

General objections will not be entertained if the evidence consists of several distinct parts, some of which are competent and others not.

**3. Criminal Law § 169— admission of incompetent testimony — offer of like evidence by defendant**

In this prosecution for assault with a deadly weapon upon defendant's wife, admission of testimony by the prosecutrix to the effect that defendant had previously been convicted of assaulting her was rendered harmless when defendant thereafter testified on direct examination that he had previously been convicted of assaulting his wife on two occasions and that he was under court order not to "contact" his wife, and defendant's testimony did not tend to contradict or explain the testimony by the prosecutrix.

**4. Criminal Law § 169— waiver of objection — admission of like evidence for impeachment**

The rule that an objection to the admission of testimony is waived when like evidence is thereafter admitted without objection or is subsequently offered by the objecting party himself is not applicable where the objecting party offers the evidence for the purpose of impeaching the credibility or establishing the incompetency of the evidence in question.

**5. Assault and Battery § 16— assault with deadly weapon — failure to submit simple assault**

In this prosecution for assault with a deadly weapon, the trial court did not err in failing to instruct the jury that it might return a verdict of simple assault where defendant testified that he was 24 years old and the evidence tended to show that defendant pushed and struck the prosecutrix before jabbing a knife at her throat.

**6. Assault and Battery § 7— assault on a female**

An assault on a female committed by a male over 18 years of age is not a simple assault, but is a misdemeanor punishable in the discretion of the court.

**7. Assault and Battery § 16— assault with a deadly weapon — necessity for submission of simple assault**

Where in a prosecution for assault with a deadly weapon the evidence

tends to show assault on a female at least, it is not error to fail to submit the question of guilt of simple assault.

**8. Assault and Battery § 4— common law**

Criminal assault is governed by common law rules in this State.

**9. Assault and Battery § 4— assault defined**

A criminal assault may occur either by an intentional offer or attempt by force and violence to do injury to the person of another or by a show of violence causing the reasonable apprehension of immediate bodily harm or injury whereby another is put in fear and thereby forced to leave a place where he has a right to be.

**10. Assault and Battery § 15— assault by violence begun to be executed — instructions as to apprehension of victim and another person**

In this prosecution for assault with a deadly weapon wherein the State's evidence tended to show a completed assault by violence begun to be executed, defendant was not prejudiced by instructions of the court relating to the apprehension of the victim and the person who shoved her out of the area of danger.

APPEAL by defendant from *Carr, J.,* 11 June 1969, Regular Criminal Session of WAKE Superior Court.

The defendant, Linwood K. Hill, was charged with assault with a deadly weapon, "to wit, a knife, by attempting to cut or stab the said Sandra Hill."

On 5 March 1969, Sandra Hill, wife of the defendant, was separated from the defendant and was living at 909 Brookside Drive, Raleigh, North Carolina. The evidence presented by the State tended to show that at about 8:00 p.m. on 5 March 1969, the defendant came to the home of Sandra, who was then in the company of one Christie. When Sandra partially opened the door, the defendant shoved the door and knocked her back against the television set and the wall. He then lunged at Christie and a fight ensued. Sandra attempted to call the police, but the defendant jerked the telephone from her and slapped her, knocking her glasses off. The defendant then got a knife from the kitchen and began jabbing or pointing it at her. The blade of the knife was described as being about six inches long with a sharp point and edge. Sandra began to cry and shake, having recently been to the hospital for her nerves. She moved away from the defendant. Christie shoved her into the bathroom, closed the door and remained there with her until after the defendant left.

Christie, a witness for the State, testified that the defendant had the knife "right at her throat"; the defendant was holding it "right in Sandra's face"; the defendant said "he was going to kill us both"; "he asked me if I would love her as much if she wasn't so pretty";

he made a movement toward her with the knife; "I thought he was going to hurt her, cut her in the face. That is why I took her into the bathroom."

The defendant testified that: he did not go to the home of Sandra Hill on 5 March 1969; he did not even know where she lived until several days after that date; on 5 March 1969 he stopped at a small grocery store to use the telephone and saw Sandra and Christie drive up; as he walked by their car Christie got out and an argument ensued; he knocked Christie back up against the car and left. While testifying as a witness in his own behalf, the defendant testified on direct examination that he had been convicted of assaulting his wife on two previous occasions and that he was under a court order not to "contact" his wife and not "to go around her."

The jury found defendant guilty as charged, and from the prison sentence imposed he appealed to this Court.

*Attorney General Robert Morgan by Staff Attorney Eugene A. Smith for the State.*

*Russell W. DeMent, Jr., for defendant appellant.*

VAUGHN, J.

[1]     The defendant brings forward an assignment of error based on the failure of the court to strike certain portions of Sandra's testimony. The witness was asked to relate what happened immediately before and after she saw the defendant. She described his entrance, the scuffle with Christie and then said, "I ran to the telephone — See, I was going to call the police. That is all I can ever do to get him out." At another point the witness was testifying as to what happened after the defendant left. She stated that ". . . half my furniture was turned over and I called the police, and the police came out then and told me what I could do and I did it and went to court about it and he was found guilty and they gave — he was already on two years suspension. . . ." On each of these occasions counsel for defendant objected and moved to strike. The testimony which the defendant finds objectionable was not solicited by the State. In fact the Solicitor admonished the witness to "Stop right there!" The court did not rule on either of the objections, therefore, in effect they were overruled.

Shortly thereafter the witness testified, "He would cut me because he had tried to kill me several times before. He has been found guilty on assault charges before." Upon objection by the defendant,

the court instructed the jury to disregard the statement and erase it from their minds.

**[1, 2]**    The record before us indicates that in each of the above instances the witness testified at length in response to proper questions by the Solicitor. Most of the statement objected to was clearly admissible. The rule is well settled that general objections will not be entertained if the evidence consists of several distinct parts, some of which are competent and others not. In such case the objector must specify the grounds of the objection, and it must be confined to the incompetent evidence. Unless this is done he cannot afterwards single out and assign as error the admission of that part of the evidence which was incompetent. *State v. Tyson,* 242 N.C. 574, 89 S.E. 2d 138; *Nance v. Telegraph Co.,* 177 N.C. 313, 98 S.E. 838; *State v. Ledford,* 133 N.C. 714, 45 S.E. 944.

**[3, 4]**    Even if we were to assume that the objection had been properly taken, the admission of the testimony was rendered harmless when the defendant offered similar testimony. It is a well-established rule in the courts of this State that an objection to evidence, even though seasonably made upon a sound ground, is waived when like evidence is thereafter admitted without objection, and especially so where like evidence is subsequently offered by the objecting party himself. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353; *State v. McDaniel,* 272 N.C. 556, 158 S.E. 2d 874. It is true that one does not waive an objection or motion to strike otherwise sound and seasonably made, by offering evidence for the purpose of impeaching the credibility or establishing the incompetency of the testimony in question. *State v. Aldridge,* 254 N.C. 297, 118 S.E. 2d 766. Here, however, the defendant on direct examination as a witness for himself testified that he had previously been convicted of assault on his wife on two occasions and that he was under a court order not to "contact" his wife. He further testified that he had been "charged six or seven times. . . . [E]very time I was in contact with her, I was in court."

**[3]**    The defendant's evidence does not tend to contradict or explain evidence to which he had earlier objected. On the other hand it confirms and goes beyond that which the prosecutrix related. Other testimony of the defendant tended to show: he was very interested in obtaining custody of the children; he had gone to great lengths to avoid contact with his wife since being placed under the court order; and, "she would have to break his leg to catch him the next time." It may well be that the defendant reasoned that evidence as to his previous legal encounters as a result of being in con-

tact with his wife would tend to convince the jury that he had ample reason to avoid her presence. His defense was that he not only did not go to her home on the night in question but did not even know where she lived. At any rate his testimony had the effect of curing any possible error in the admission of the testimony by the prosecutrix as to the previous convictions for assault upon her.

**[5]** The defendant assigns as error the failure to instruct the jury that it might return a verdict of simple assault. This contention is without merit.

**[6]** The defendant testified that he was twenty-four years old. There was evidence tending to show that the defendant pushed and struck the prosecutrix prior to picking up the knife. An assault on a female, committed by a man or boy over eighteen years of age, is not a simple assault; it is a misdemeanor punishable in the discretion of the court: *State v. Floyd*, 241 N.C. 298, 84 S.E. 2d 915; *State v. Jackson*, 226 N.C. 66, 36 S.E. 2d 706.

**[7]** The defendant was convicted of an assault with a deadly weapon, which is also a misdemeanor punishable in the discretion of the court. G.S. 14-33. Therefore, if it be conceded that the evidence did warrant an instruction to the effect that the jury might return a verdict of guilty of an assault on a female, prejudicial error has not been shown. Where in a prosecution for assault with a deadly weapon the evidence tends to show assault on a female at least, it is not error to fail to submit the question of guilt of simple assault. *State v. Church*, 231 N.C. 39, 55 S.E. 2d 792.

The defendant's final assignment of error relates to a portion of the judge's instructions to the jury on the law of assault.

**[8, 9]** In North Carolina, there is no statutory definition of assault and the crime remains one governed by the rules of the common law. The judge correctly instructed the jury on the general common law rule that an assault is an intentional offer or attempt by force and violence to do injury to the person of another. *State v. Hefner*, 199 N.C. 778, 155 S.E. 879. Under this definition the emphasis appears to be on the actions and state of mind of the accused.

Court decisions in this and other states have developed a second and broadened rule so that "[a] show of violence, causing 'the reasonable apprehension of immediate bodily harm' . . . whereby another is put in fear, and thereby forced to leave a place where he has a right to be, is sufficient to make out a case of an assault." *State v. Allen*, 245 N.C. 185, 95 S.E. 2d 526.

Thus there are two rules under which a person may be prosecuted

for assault in North Carolina. *State v. Roberts,* 270 N.C. 655, 155 S.E. 2d 303. It is difficult in practice to draw the precise lines which separate violence menaced from violence begun to be executed. In *State v. Allen, supra,* the Supreme Court, speaking through Parker, J., (now C.J.), stated: "The rules of law in respect to assaults are plain, but their application to the facts is sometimes fraught with difficulty. Each case must depend upon its own peculiar circumstances." Where, as under the circumstances of this case, the defendant slaps his victim and then takes a knife and jabs it at her throat, this is violence begun to be executed and the assault is complete.

[10] The defendant could not have been prejudiced by the additional instructions of the court relating to the apprehension of the victim and the person who shoved her out of the area of danger. This is especially true since the defendant does not attempt to mitigate, excuse or explain the actions attributed to him but instead contends that he was not in the presence of his wife and that nothing took place between them on the night in question.

An examination of the entire charge of the court reveals that the judge committed no prejudicial error in declaring and explaining the law arising on the evidence in this case.

In the entire trial we find

No error.

BROCK and BRITT, JJ., concur.