STATE OF NORTH CAROLINA v. NORMAN BARNHILL

No. 783SC148

(Filed 15 August 1978)

**Assault and Battery § 16— assault on a female—instruction on simple assault unnecessary**

In a prosecution for assault with a deadly weapon where the evidence tended to show that defendant was a male over 18 years of age and the victim was a female and the trial court instructed the jury on the offense of assault on a female, an instruction on the offense of simple assault was not necessary.

APPEAL by defendant from *Small, Judge.* Judgment entered 12 September 1977 in Superior Court, PITT County. Heard in the Court of Appeals 2 June 1978.

In warrants issued 23 October 1976, defendant was charged with: (1) unlawfully, willfully and feloniously stealing, taking and carrying away certain personal property of Super Dollar Store; and (2) unlawfully and willfully assaulting Brenda Saunders with a deadly weapon, a beer bottle, by threatening to strike her with said bottle. The charges were consolidated for trial and defendant entered a plea of not guilty to both charges.

At trial, the State presented evidence tending to show the following: On 22 October 1976, two black males entered the Super Dollar Store in Greenville. One of these men, later identified as defendant, stuffed a pair of blue jeans in his shirt and put on a vinyl jacket. Brenda Saunders, the manager, asked defendant to step into her office. He refused to do so, but initially agreed to remain in the store until the police arrived. Shortly thereafter, he walked out of the store and Ms. Saunders and her husband followed. At this point, defendant picked up an empty beer bottle and threatened to hit Ms. Saunders if she did not stop following him. Defendant then continued on his way.

Defendant testified on his own behalf and his testimony tended to show that he had previously patronized the Super Dollar Store, but had never tried on clothes there. He denied taking any clothes from the Super Dollar Store on 22 October 1976, and further testified that he has never threatened Ms. Saunders with a beer bottle. On cross-examination, defendant stated that another man, J. C. Daniels, told him that the police had questioned him about the theft thinking his name was Norman Barnhill.

Upon a verdict of guilty of larceny and assault on a female, defendant was sentenced to two (2) consecutive two (2) year terms. Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*J. David Duffus, for the defendant.*

MARTIN, Judge.

Defendant assigns as error the failure of the trial court to charge the jury on the lesser included offense of simple assault. We find no merit in this contention.

In the instant case, the trial court included in its charge to the jury an instruction declaring and explaining the law arising on the evidence as it related to the offense of *assault on a female.* Among other things, the jury was instructed that the State must prove the assault, that the victim was a female and that defend-

ant was a male over the age of 18 years. The jury, obviously failing to find that the beer bottle was used as a deadly weapon, acquitted defendant of that charge, and returned a verdict of guilty of assault on a female. We are of the opinion that, on the facts of this case, an instruction on the offense of simple assault was not necessary.

In the case at bar, the evidence presented established that defendant, a male over 18 years old, assaulted a *female.* "An assault on a female, committed by a man or boy over eighteen years of age, is not a simple assault; it is a misdemeanor punishable in the discretion of the court." *State v. Hill,* 6 N.C. App. 365, 369, 170 S.E. 2d 99, 102 (1969). In a prosecution for assault with a deadly weapon where the evidence discloses that, if an assault were made, it was made by a male over 18 on a female, it is not error to fail to submit the question of guilt of simple assault. *State v. Church,* 231 N.C. 39, 55 S.E. 2d 792 (1949). In *State v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706 (1946), a defendant pled guilty to "a simple assault" on "Mrs. Walker." The Court held that defendant could be punished for a general misdemeanor. The Court said:

"G.S. 14-33, creates no new offense. It relates only to punishment. Under its provisions all assaults, and assaults and batteries, not made felonies by other statutes are general misdemeanors punishable in the discretion of the court, except where no deadly weapon has been used and no serious damage done the punishment may not exceed a fine of $50 or imprisonment for 30 days, unless the assault is committed upon a female by a man or boy over 18 years of age. Assaults and assaults and batteries upon a female by a man or boy over 18 years of age are expressly excluded from the proviso or exception. Thus they remain general misdemeanors." 226 N.C. at 67-68, 36 S.E. 2d at 707.

*State v. Courtney,* 248 N.C. 447, 103 S.E. 2d 861 (1958); *State v. Lefler,* 202 N.C. 700, 163 S.E. 873 (1932); *State v. Jones,* 181 N.C. 546, 106 S.E. 817 (1921); *State v. Smith,* 157 N.C. 578, 72 S.E. 853 (1911).

State v. Barnhill

Accordingly, we find no error in the trial court's failure to submit a charge on the offense of simple assault. We have carefully reviewed defendant's remaining assignment of error as they relate to both his assault and larceny convictions and find no prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.